———o———

THE FARMERS' AND DROVERS' BANK, Respondent, *vs.* S. P. WILLIAMSON, *et al.*, Appellants.

1. *Continuance for absence of witnesses—Discretion of court as to.*—The continuance of a cause on the ground of inability to procure the attendance of witnesses is a matter resting almost altogether in the sound discretion of the trial court.

2. *Bank, suit by, on note—What status of plaintiff necessary to be shown and how proved.*—In suit by a bank, upon a note, proof that plaintiff is doing business as a bank, in the name in which it sued, has a president and other officers, and keeps a discount register, is sufficient to establish its status. For the purpose of the suit, it is immaterial whether it be a mere association of persons or an incorporated company.

3. *Corporation—Proof of incorporation of plaintiff in appeals from justices not necessary, when.*—In suit before a justice of the peace, in the absence of anything to show the contrary, defendant is presumed to plead the general issue,

and plaintiff being a corporation, such plea is an admission of its corporate capacity. Hence, on appeal to the circuit court under such state of facts, the plaintiff is not required to prove its incorporation.

*Appeal from Jackson County Special Law and Equity Court.*

*Karnes & Ess*, for Appellants.

Testimony that Bainbridge was president and Phillips cashier of the "Farmers' and Drovers' Bank," is not evidence that the Bank was a corporation. (Welland Canal Co. vs. Hathaway, 8 Wend., 484-5-6; Halloway vs. Memphis, El-Paso and Pac. R. R. Co., 23 Texas, 465; Adams vs. Bank of Marietta, 9 Leigh, 242-3-4; Bank of Utica vs. Smalley, 2 Cow., 770; Wood vs. Jefferson Co. Bk., 9 Cow., 194; Hargrove vs. Bank of Ill., 1 Breese, 84-6; Bank of Michigan vs. Troy City Bank, 1 Doug. [Mich.], 457; Jackson vs. Plumbe, 8 Johns., 295.) The evidence in this case shows the fact of an association acting under the name of the "Farmers' and Drovers' Bank," but this is not evidence of an incorporation. (Welland Canal Co. vs. Hathaway, *supra;* Hamtramck vs. Bank of Edwardsville, 2 Mo., 169.)

It devolved on the plaintiff to prove the fact of its incorporation as the pleading stood. This was an action before a justice of the peace. There are no pleadings at all, either of payment, limitation, or any other defense. (Henry vs. Lane, 2 Mo., 201, and cases in every volume of Mo. Reports to the present time; Ang. & Ames Corp., 9 ed., § 635, p. 640; § 632, p. 633.

*Cobb & Cobb*, for Respondent.

I. The appearance of defendant in a justice's court, or an appeal therefrom, without making any special objection to the capacity of either party to sue or be sued, certainly does not raise any broader issue than that under the common law; yet in by far the great majority of the states, it has been held that the general issue does not put in issue the corporate character of the plaintiff, even when alleged in the declaration as

part of plaintiff's case. (Mass. Prop. of Great Beach vs. Rogers, 1 Mass., 159; 3 Met., 235; N. H. Sch. Dist. vs. Baisdell, 6 N. H., 197; 6 H. H., 527; Brown vs. Illius, 27 Conn., 84; 5 Watts & Serg., 215; 27 Conn., 282; 5 Gilm., 48; T. B. Mon., 584; 37 Me., 42; 5 Ohio, 286; 44 Me., 49; 1 Ala., 241.)

II. This view of the case is manifestly correct in view of the statute prescribing the rule for trials in justices' courts. When the plaintiff files for suit a note made by the defendant, and the latter fails to appear, the justice must render judgment for the plaintiff whether he appears at the trial or not. (Wagn. Stat., 831, § 15.)

The note itself then, is all the evidence necessary to make out a case for plaintiff, unless some objection is made or evidence offered by the defendant. And it certainly does not require any other or different evidence to make out the case in the appellate court.

SHERWOOD, Judge, delivered the opinion of the court.

The defendants were sued before a justice of the peace, as the makers of a promissory note for $295.65, made payable to the order of A. A. Bainbridge at the First National Bank of Kansas City, and purporting to be endorsed in blank by the payee and one Warner. Judgment going for plaintiff, the cause was appealed to the court from which this appeal comes, where, upon a trial *de novo*, the plaintiff was again successful. It is alleged here that two errors were committed during the trial of the cause which authorize a reversal; one in refusing the application of defendant (Williamson) for a continuance; the other in refusing to grant at his request an instruction in the nature of a demurrer to the evidence adduced.

### I.

The application for a continuance was very properly overruled. The absent witness was Vail, a co-defendant and co-maker of the note. The most palpable lack of diligence is manifest on the face of the application. No subpœna was issued for the witness, who resided in Jackson county, and

the singular excuse is given "because within the last week he has not been within the jurisdiction of this court." Nor is the application at all strengthened by the allegation therein made as to the absence of the attorney (a member of a law firm) who had the control and management of the case. The continuance of a cause on such a ground must rest almost, if not altogether, in the sound discretion of the court, and there is nothing whatever brought to our attention here to indicate that the case is one of any intricacy, or that there has been an unsound exercise of that discretion.

## II.

The testimony of the assistant cashier of the plaintiff, which was received without objection, tended to show that the note in suit was transferred by the payee to the plaintiff. And the testimony also had a tendency to show that plaintiff was doing business as a bank, in the name in which suit was brought, had a president and other officers, kept a discount register, and was the lawful holder and owner of the note for value, and this was sufficient. And it was quite immaterial whether the plaintiff was an association of persons or a corporation, as in either case it would not preclude the purchase of the note. But defendants' counsel have erroneously assumed that plaintiff is a corporation, and on that ground demanded proof establishing that fact. But the record in nowise bears them out in this assumption. Even, however, did the record disclose this fact, it is not seen how this would help the defendant's case, for in trials before a justice of the peace, in the absence of anything to the contrary, the defendant is presumed to plead the general issue. (Reed vs. Snodgrass, 55 Mo., 180.) This plea as a matter of course goes to the merits and admits the corporate capacity of the plaintiff, and the ability to sue; and it would seem but reasonable that a corporation should occupy the same footing in this regard as a natural person. (Ang. & Ames Corp., § 633, and cas. cited.)

For these reasons the instruction in the nature of a demurrer to the evidence, asserting in substance that the plaintiff was not entitled to recover, was properly refused, and the

State ex rel. v. Auditor.

judgment of the trial court is accordingly affirmed. All the other judges concur.