**L. J. GAMMON, Plaintiff-Respondent,**

v.

**James A. ARMANTROUT, Defendant-Appellant.**

No. 33204.

St. Louis Court of Appeals.

Missouri.

March 18, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied April 16, 1969.

Smith & Colson, Farmington, for defendant-appellant.

Donald E. Gillihan, Farmington, for plaintiff-respondent.

WOLFE, Judge.

This is an action on a contract wherein the plaintiff agreed to construct a concrete basement for a house and to move the house from another location and place it on the basement so constructed. He built the basement but wrecked the house in attempting to move it. The defendant counterclaimed for the value of the house so destroyed. The court directed a verdict against the defendant on the defendant's counterclaim and the jury returned a verdict for the plaintiff in the sum of $2,700.00. The defendant prosecutes this appeal.

James Armantrout, the defendant, owned a seventy-three acre farm with a two-story frame house on it. He wished to build a modern home on the site where the house stood. A man named Miller agreed to buy the old house from Armantrout for $4,500.00 if it was placed over a basement constructed for it. With the house Miller was to get three acres of land, and the total price of the land and the house was to be $7,300.00.

Armantrout entered into a contract with Gammon, the plaintiff, to build a basement, to move the house and set it on the basement. The written contract which both parties signed was as follows:

"I, L. J. Gammon, agree to move house to designated place

for the sum of....$800.

Also:

to excavate basement approximately 38 ft. by 34 ft. by 7 ft. high:

. 8 in. concrete walls:

4 in. finished floor with basement drain. Outside basement walls are to be waterproofed.

4 in. field tiles to be placed around basement footing:

concrete cesspool with field:

concrete front porch steps:

for the sum of..........$2,500."
It was signed by both parties.

The house to be moved was described by Gammon as a two-story frame house with drop siding. It was thirty-eight feet, four inches long, and sixteen feet, four inches wide. It had a "sheet iron" roof and was plastered inside. It rested on a rock foundation. He examined it before agreeing to move it. He started to move it March 30, 1966, by placing it on a twenty-two foot lowboy trailer, of the type used to move heavy objects. He compensated for the difference in the length of the house and the trailer by using railroad rails on the trailer bed and extended them beyond it. On April 6, he moved the house over an old roadbed and got it about half-way to the new site. The lowboy got mired down so that the wheels were almost out of sight and the end of the rails rested upon the ground. The tractor was also mired in but not as deeply as the lowboy. Gammon then got a crawler type tractor to pull the mired tractor and a lift type tractor in the back of the lowboy to lift the rails.

This did not work so he took the house off the lowboy and left it jacked up there.

He then pulled the tractor and the lowboy out. After that, leaving the house where the tractor had mired in, he started to excavate the basement. He completed this work and poured the foundation from June 20 to June 30. On July 6, he started again to move the house on a different lowboy which he had rented. He continued on July 7 moving it slowly toward the basement he had constructed, but on July 8 while still in the process of moving it, it fell off the lowboy while traveling over level ground. The house was demolished by the fall.

Miller, the proposed purchaser of the house, testified on behalf of the defendant that he salvaged some lumber from the wreck of the house. He purchased other lumber and built a house for the defendant on the foundation constructed by the plaintiff.

The plaintiff brought this action on the contract. He divided his petition into three counts. In the First Count he sought recovery of $800.00 for moving the house. The Second Count was for recovery for the building of the basement. The Third Count sought the recovery of the value of some timber and rails that he used in the attempted move and left on the defendant's land. The defendant counterclaimed, seeking damages for the breach of contract which caused the loss of the house. He pleaded the contract to move the house and that the plaintiff wrecked the house. He also charged that the plaintiff was negligent in his efforts to move the house, causing its destruction. He sought damages in the sum of $5000.00.

At the conclusion of the evidence the court directed a verdict for the defendant on Count I of plaintiff's petition. This is the count in which he sought $800.00 for moving the house. The plaintiff dismissed Count III of his petition relating to the lumber and rails for which he sought recovery. The court also directed a verdict

in favor of plaintiff on defendant's counterclaim for the loss of the house. It submitted an instruction which informed the jury that they were to find for the plaintiff if they believed he constructed the basement under a contract whereby he was to receive $2,500.00.

■ It is here contended that the court erred in directing a verdict for the plaintiff on defendant's counterclaim. · The court was apparently under the impression that the counterclaim sounded in tort rather than in breach of contract. It attempted to hold the evidence, as to the value of the house, to its value while sitting on the lowboy just prior to its fall. In this respect the court erred. The counterclaim was for breach of contract and the fact that it described in part the negligence of the plaintiff in attempting to move the house does not alter the nature of his counterclaim. State ex rel. Cummins Missouri Diesel Sales Corporation v. Eversole, Mo.App., 332 S.W.2d 53, 93 A.L.R.2d 875. Defendant's damage on his counterclaim was the loss he actually suffered by reason of the breach of contract.

■ Even though the evidence on this was not clearly developed, the court erred in directing the verdict on defendant's counterclaim since it was a claim for breach of contract and the contract having been breached, according to the plaintiff's own admission, the defendant would be entitled to nominal damages even if none were suffered. Hotchner v. Liebowits, Mo.App., 341 S.W.2d 319.

■ Since the case is to be remanded for retrial the parties should be reminded that where, as here, the plaintiff seeks recovery on a contract, he must as a general rule prove his performance under that contract and no exception to that rule is here apparent. Ellis Gray Milling Co. v. Sheppard, 359 Mo. 505, 222 S.W.2d 742, l.c. 734 [5]; Stein v. Bruce, Mo.App., 366 S.W.2d 732, l.c. 734 [1]; Doerflinger Realty Co. v. Maserang, Mo.App., 311 S.W.2d 123, l.c. 128 [2].

For the reasons stated the cause is reversed and remanded.

RUDDY, P. J., concurs.