**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Appellant,**

v.

**James KINEALY, d/b/a J–K Appliance Service, Respondent.**

No. 43854.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 29, 1981.

---

Daniel E. Reuter, Clayton, for appellant.

Leland C. Smith, II, St. Charles, for respondent.

CRIST, Presiding Judge.

This is a civil action for the balance alleged to be due on an advertising contract. The lawsuit was filed in the Associate Circuit Court of St. Charles County, pursuant to Chapter 517.010 et seq., RSMo.1978. Respondent (Kinealy) chose not to file an answer since none is required under Section 517.050. Kinealy failed to make any specific averment as to appellant's (Southwestern Bell) corporate existence and ability to sue.

On June 16, 1980, Kinealy requested a trial by jury, at which time the case was certified to the circuit court. A trial by jury was conducted on October 8, 1980. Southwestern Bell presented evidence to support its claim against Kinealy without introducing any evidence to prove its corporate status.

At the close of Southwestern Bell's case, Kinealy requested a directed verdict based on Southwestern Bell's failure to prove its corporate status and its concomitant legal capacity to sue. The court sustained the motion and directed a verdict in favor of Kinealy. We affirm.

Southwestern Bell seeks solace under Rules 55.13 and 55.27(a)(9). Rule 55.13 provides that "[w]hen a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, . . . ." Rule 55.27(a)(9) permits a party to file a motion alleging incapacity to sue.

On January 2, 1979, the Magistrate Courts of the State of Missouri became Associate Circuit Courts with Associate Circuit Judges sitting therein. Chapter 517, RSMo.1978, was amended to provide a new statutory procedure for this new division of the circuit court. As a part of that procedure, specifically in pleading before the Associate Circuit Courts, statutory guidelines provided that no responsive pleadings were required in the Associate Circuit Court. Section 517.050, RSMo.1978.

On certification to the circuit court upon a jury trial request, the procedural statutes provide that "further proceedings shall be had as if the case was originally commenced under the practice and procedure applicable before circuit court judges . . . ." Section 517.520(2), RSMo.1978.

Rule 41.01, in effect at all times herein, provides that Rules 41 through 101 shall govern "[c]ivil actions pending before an associate circuit judge sitting as a circuit judge." It further provides that:

(b) Civil actions originating before an associate circuit judge or in the probate division of the circuit court but which are pending in the Supreme Court, Court of Appeals, or before a circuit judge, other than a circuit judge in the probate division, shall be governed by Rules 41 through 101, *except that Rule 55 shall not apply unless the court orders the application of Rule 55, or specified portions of it, and a copy of such order is served upon each of the parties or their attorneys. Such order shall specify the provisions of Rule 55 which shall be complied with and the time for compliance.*

Rule 55 is the rule governing pleadings. Rule 41.04 provides that:

If no procedure is specially provided by rule, the court having jurisdiction shall proceed in a manner consistent with the applicable statute, or statutes, if any, and precedent but not inconsistent with Rules 41 to 101, inclusive.

There is no procedure specially provided by rule regarding the filing of responsive pleadings by Kinealy. On the contrary, Rule 41.01(b) specially excepted Rule 55 in

its entirety from application in the instant case. See, *Susman v. HI–FI FO–FUM, Inc.*, 597 S.W.2d 680, 682, n. 2 (Mo.App. 1980).

The precedent cited by Southwestern Bell, *The Farmers' and Drovers' Bank v. Williamson*, 61 Mo. 259 (1857), was a case construing procedure before the justice court, a court not a division of the circuit court now regulated by Supreme Court Rules.

Judgment affirmed.

GUNN and SNYDER, JJ., concur.