Eric STEGEMANN, d/b/a Stegton Restaurant, Plaintiff-Appellant,

v.

Patrick HELBIG, Defendant-Respondent.

No. 42514.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 24, 1981.

Daniel G. Tobben, St. Louis, for plaintiff-appellant.

Darold E. Crotzer, Jr., Clayton, for defendant-respondent.

DOWD, Presiding Judge.

Eric Stegemann (plaintiff) appeals from a jury verdict in defendant's favor in a suit on a contract.

In the contract, executed in November, 1978, plaintiff, owner of the Stegton Restaurant agreed to furnish for defendant's party an "all-you-can-eat" buffet, beer and "set-ups" for a total price of $10.71 per person. Defendant paid a $100 deposit four days after the contract was executed. On December 21, or 26, 1978, defendant paid plaintiff by check an additional $5,000 toward the contract price. On the evening of the party defendant paid plaintiff $1,327.50, the remaining amount owing on the contract.

The contract specified that food would be available to defendant's guests from 6:00 p. m. to 8:30 p. m. and would be served buffet style. Defendant testified a shortage of food developed soon after serving began and continued during the serving time. Because the guests were served on disposable plates trash began to accumulate in barrels placed around the party room. Plaintiff's employees did not empty the trash barrels as they became full and they overflowed onto the floor of the party room. Plaintiff was hosting his own party upstairs from defendant's and allowed his guests to visit defendant's party and partake of defendant's food and entertainment without defendant's prior knowledge or permission. After the party some of defendant's guests complained to him and sought refunds of their tickets.

A guest at the party testified he went to the buffet at 7:45 p. m. and there were only two food items available at that time. He passed the buffet line five or six times during the evening and saw no other food on the buffet. There were approximately 100 people behind him waiting to be served and other guests were complaining about the shortage of food.

Plaintiff's banquet manager admitted that guests from plaintiff's party visited defendant's party. Plaintiff's room captain acknowledged trash removal from defendant's party was slow due to a breakdown in the elevator. Plaintiff testified defendant complained about the absence of some food items once during the evening. Plaintiff admitted he listed defendant's entertain-

ment on his own tickets and allowed his guests to visit defendant's party.

Defendant's $5,000 check was twice dishonored due to uncollected funds. Despite demands made of him by plaintiff defendant refused to honor the check. Plaintiff then filed suit in the Associate Circuit Court pursuant to Chapter 517.010 et seq., seeking $5,000 damages for defendant's alleged breach of contract. Defendant counterclaimed alleging plaintiff, on the same evening, hosted his own party upstairs from defendant's party and that plaintiff allowed those attending his party, to also attend defendant's party thereby damaging defendant in the sum of $5,000.

The cause was subsequently certified to the Circuit Court where both parties filed amended pleadings. Defendant did not file an answer, however, until after trial in that court was commenced.

The jury found in favor of defendant on both plaintiff's petition and defendant's counterclaim but assessed defendant's damages at zero. The jury, in a separate "recommendation" requested "[d]efendant be instructed to refund monies to dissatisfied people in attendance at the Helbig party— amount to be agreed upon between Mr. Helbig and the complaining party(s)."

Plaintiff claims in his first point on appeal that the trial court erred in denying his motion for a directed verdict and his motion for judgment notwithstanding the verdict.

■ Plaintiff argues that the evidence of the contract's existence and its breach is undisputed and he is therefore entitled to a directed verdict on the issue of defendant's liability and to, at least, nominal damages. *See Duncan v. Kelly*, 435 S.W.2d 29, 34 (Mo.App.1968); *Hotchner v. Liebowits*, 341 S.W.2d 319, 326 (Mo.App.1960). However, a party to a contract may not assert claims under the terms of that agreement where

he has not performed his part of the bargain. *Gammon v. Armantrout*, 439 S.W.2d 771, 773 (Mo.App.1969); *See Miran Investment Co. v. Medical West Bldg. Corp.*, 414 S.W.2d 297, 302 (Mo.1967).

The parties admit the contract's existence and its requirements. The issue here is whether or not either party fulfilled the requirements of the contract.

■ Defendant's evidence indicated plaintiff failed to provide the amount of food for the party as called for in the contract, failed to maintain the party room in a safe and clean condition and allowed his guests to partake of defendant's food and entertainment. This evidence, if taken as true, would support a finding by the jury that plaintiff breached the contract upon which he now seeks to rely, thus excusing defendant's failure to perform. *See Rosen v. Alside*, 248 S.W.2d 638, 644 (Mo.1952); 17 Am.Jur. Contracts § 365 (1964). Conversely, plaintiff's evidence tends to show his substantial performance of his part of the bargain, which if taken as true would deprive defendant of his defense for nonperformance. *See Bethell v. Porter*, 595 S.W.2d 369, 376 (Mo.App.1980).

The issue of whether or not either party breached the contract was one of fact, proof of which rested upon conflicting evidence. Resolution of the issue was therefore, for the jury. *Hough v. Jay-Dee Realty and Investment Co.*, 401 S.W.2d 545, 550 (Mo. App.1966). The trial court did not err in failing to direct a verdict for plaintiff.[1]

■ Plaintiff also asserts in his first point that "there exists a serious question as to whether defendant has not admitted all allegations contained in plaintiff's petition" because of defendant's failure to file an answer prior to trial. Plaintiff argues Rule 55.09 provides that averments which are not denied in responsive pleadings are

---

1. Plaintiff also states without elaboration that he was entitled to a directed verdict "especially ... since no affirmative defenses or set-offs had been plead by the defendant." It is true that defendant's answer contained no affirmative defense or claims of a right to set-off. Evidence tending to support these theories was

admitted at trial without objection, however, therefore the pleadings are deemed amended to conform to the proof and a contention that the defendant's answer does not raise these issues is not available on appeal. § 509.500, RSMo 1978; *Hart v. Midkiff*, 321 S.W.2d 500, 507 (Mo.1959).

deemed admitted and that although defendant did file an answer denying plaintiff's averment, at least in part, the answer was filed during trial over plaintiff's objection and without the benefit of "notice and motion" required by Rule 44.01(b) and therefore defendant's answer is invalid.

Defendant contends that it was not necessary for him to file an answer because the lawsuit originated in the Associate Circuit Court under Chapter 517 and formal pleadings are not required by that Chapter. § 517.050 RSMo 1978.

This question raised by plaintiff has most recently been answered by our court in *Southwestern Bell Telephone Co. v. Kinealy,* 623 S.W.2d 63 (Mo.App., E.D., 1981). In that case plaintiff filed suit in Associate Circuit Court. Defendant requested a jury trial and the cause was certified to the Circuit Court. At the close of plaintiff's case defendant moved for a directed verdict based on plaintiff's failure to prove its corporate status. Plaintiff objected on the grounds that Rule 55.13 requires the legal existence of a party be raised by specific negative averment which defendant failed to do. The trial court sustained the motion and this court affirmed that ruling on the grounds Rule 41.01(b) specially excepts the pleading requirement of Rule 55 from application to plaintiff's case.[2]

Procedurally the instant case is essentially no different from the *Southwestern Bell* case. Plaintiff's complaint that defendant's answer was filed out of time and in contravention of Rule 55 is without merit since pursuant to Rule 41.01(b) defendant was not required to file an answer unless ordered to do so by the trial court.

■ Plaintiff also contends the trial court should have directed a verdict in plaintiff's favor on the issue of damages

because the amount defendant owed plaintiff was not in dispute. This contention fails in light of our previous conclusion that defendant's evidence was sufficient to deprive plaintiff of a directed verdict on the issue of breach of contract. Plaintiff could not logically be entitled to a directed verdict on the issue of damages when he is not entitled to a directed verdict on the contract which forms the basis for his claim of damages.

In his second point plaintiff claims the trial court erred in entering judgment on the jury's verdict because defendant's instruction number five prejudicially deviated from MAI and because the verdict was the result of bias and prejudice by the jury. We disagree.

Plaintiff argues the jury's bias and prejudice is evidenced by their unsolicited recommendation that defendant return money to his dissatisfied guests. Plaintiff does not explain wherein the alleged prejudice lies nor are we able to read any bias or prejudice into this recommendation. In any event we do not see how plaintiff could have been damaged by a recommendation that defendant refund money.

■ Plaintiff claims the instruction deviated prejudicially from MAI because in one instance "plaintiff" was inserted where "defendant" should have been and in another instance "defendant" was inserted where "plaintiff" should have been. This claim of error has not been preserved for our review because no objection was made to the instruction at trial nor was an objection to it included in plaintiff's motion for new trial.[3] Rule 70.02; *Boten v. Brecklein,* 452 S.W.2d 86, 94 (Mo.1970).

The verdict clearly indicates the jury was not confused or misled by the instruction. On the contrary when considered in light of

2. Rule 55, entitled "Pleadings and Motions" governs pleadings and motion practice in civil cases.

3. Plaintiff contends this complaint is preserved in paragraph 8 of his motion which states:
   "8. The Trial Court erred in accepting the jury's verdict in that the jury's verdict contained recommendations concerning the dis-

tribution of moneys to third parties not involved in the lawsuit, which demonstrates the biased and prejudiced nature of the jury, and the jury's failure to follow the law as submitted in the instructions in the case." Even giving this paragraph a construction most favorable to plaintiff we cannot agree.

the evidence the jury's intent is clear from the verdict in which the jury found for defendant on both his counterclaim and plaintiff's petition but awarded defendant no damages. This verdict can only be interpreted to mean that the jury believed plaintiff breached the contract and that defendant suffered a $5,000 loss due to that breach. *Cf. Porter v. Mallet*, 596 S.W.2d 451, 453 (Mo.App.1980). The jury obviously ignored the transpositions of names in the instruction thereby curing the faulty instruction by their verdict.

Judgment affirmed.

GUNN and SIMON, JJ., concur.