**August VERHOFF, Appellant,**

v.

**Judy Verhoff DIPPOLD, Respondent.**

No. 46174.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 9, 1983.

James W. Whitney, Jr., St. Louis, for appellant.

John Wallach, St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiff ex-husband sued defendant former wife initially in associate circuit court and upon her request the cause was certified to the circuit court.

Among provisions of their 1976 decree the wife was given custody of the parties' four sons, and until the youngest became 21 on September 17, 1991 she was permitted to "rent said home upon making $235.00 mortgage payments per month." She did so until some time in 1980 when the youngest child was only ten years old. Then, according to husband she and the children left the home and she gave him the keys; there was no specific evidence wife was intending to relinquish her right to occupy the home. Husband then repaired and rented the home to others.

Husband's present action seeks to recover damages for repairs he has made to the house. The trial court found wife had not relinquished her right to occupy the home, and the value of her two year loss thereof at least equalled husband's claim for repairs. The court sustained wife's motion for a "directed verdict".

Here husband contends the trial court erred in sustaining wife's motion for a directed verdict; this, because he was not given pre-trial notice of her set-off. Wife responds that husband did in fact have pre-trial notice of her set-off and even if not, having voiced no objection at trial the wife's answer is deemed amended to conform to the evidence.

It is true that under Section 517.050 RSMo. prior to trial in a associate circuit court defendant is obliged to file a statement of a counterclaim. But as will be seen a plaintiff may waive that requirement. Here, the trial court ruled there was such a waiver, denying husband's objection by ruling: "He (wife's counsel) didn't plead it but he announced it in his opening remarks." Husband did not object then. As here alleged by the wife: "Throughout the transcript, beginning with opening statement by respondent, there was no specific objection made to evidence or mention of set-off, any of the figures discussed, or by surprise to appellant."

Further, husband's argument here is refuted by the case of *Stegemann v. Helbig,* 625 S.W.2d 677[2, 3] (Mo.App.1981). There in foot-note 1, relying on *Hart v. Midkiff,* 321 S.W.2d 500[9] (Mo.1959), we stated:

"It is true that defendant's answer contained no affirmative defenses or claims of a right to set-off. Evidence tending to support these theories was admitted at trial without objection, however, therefore, the pleadings are deemed amended to conform to the proof and a contention that the defendant's answer does not raise these issues is not available on appeal."

We so hold here.

Thus, the wife's counterclaim was in issue and the court did not err in ruling thereon.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.

James W. Fletcher, Public Defender, Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, P.J., TURNAGE, C.J., and MANFORD, J.