George B. FLORES and Lena B. Flores, Plaintiffs-Appellants,

v.

George C. BAKER,
Defendant-Respondent.

No. 13647.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 17, 1984.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 24, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Bob J. Keeter, Keeter, Karchmer, Nelms, Kirby and Johnson, Springfield, for plaintiffs-appellants.

James M. Kelly, Republic, for defendant-respondent.

GREENE, Judge.

Plaintiffs, George B. Flores and Lena B. Flores, sued defendant, George C. Baker, for recovery of $5,000 as liquidated damages due to alleged breach of a real estate contract. The jury returned a verdict in favor of Baker, following which plaintiffs

appealed, alleging instructional error, erroneous reception of evidence, and improper argument.

The evidence presented to the jury shows that Baker, by written contract, the addendum to which was dated April 15, 1983, agreed to buy real estate located in Greene County, Missouri, from Mr. and Mrs. Flores for the price of $50,000. Among the contingencies in the contract was that Baker obtain a Veterans Administration (VA) loan for $46,000 at an interest rate of not more than 12% for a 30-year term. The contract further provided that *sellers* were to pay not more than 3½ points to the VA for making the loan to Baker, and that the VA, on or before May 31, 1983, commit to making the loan in question on the terms listed in the contract.

The contract also provided that if the contract was not closed because of fault on Baker's part, Baker would pay 10% of the purchase price as liquidated damages. There was substantial evidence that the VA did not make a binding commitment before May 31, 1983, in which it agreed that the lending agency approved by the VA to process Baker's VA insured loan application would loan to Baker $46,000 at 12% or less interest for a 30-year period. In fact, the only documentary evidence showing what the lending agency, Farm and Home Savings Association, was willing to do was contained in a truth in lending disclosure statement (defendant's exhibit A), which shows the amount financed as $44,856.30 at a rate of 12.34%.

The evidence also revealed that the VA, after inspecting the house on the premises, required that certain repairs be made before they would approve the loan. The VA did not acknowledge that the repairs had been satisfactorily completed until June 6, 1983. Finally, Baker, with the exception of a $500 down payment as earnest money, paid nothing further on the contract.

In their first point relied on, plaintiffs contend "[t]he trial court erred in refusing instruction number A and in giving instruction number six and seven because instruction number A was the proper instruction without an affirmative defense tail, because there was no evidence to support an affirmative defense instruction and instruction number seven which was submitted as an affirmative defense was actually an affirmative converse instruction which was not supported by the evidence. Further, the giving of instruction number seven as an affirmative defense was error because it had not been pled as an affirmative defense after the case had been certified to the Circuit Court and assigned because of the jury trial request."

Plaintiffs make several arguments in support of this theory. The first is that the trial court should have given instruction "A" instead of instruction 6, since instruction 6 allowed the jury to consider the affirmative defense of Baker contained in instruction 7, which was that Baker failed to obtain a $46,000 VA loan at no more than 12% interest for a 30-year period. Plaintiffs contend their instruction "A", which is MAI 26.02, should have been used, because breach of contract was the sole issue, and that there was no doubt of Baker's breach unless he had no duty to perform because of "the condition precedent regarding the loan." Plaintiffs state in their brief, in support of this argument, that since Baker was claiming that he did not receive the loan guaranties set out in the contract "[t]hus, what the Defendant was submitting was a fact which in law would defeat Plaintiffs' claim and that was the failure of the condition precedent to occur. It follows that instruction A should have been given and the court should not have submitted instruction number six because no tail is needed on the verdict director if Defendant submits a converse."

■ While we find it difficult to grasp the legal niceties contained in plaintiffs' position, we observe that their argument misstates Missouri law. A financing contingency in a real estate contract is a condition subsequent, not a condition precedent,

which may be raised, if not fulfilled, to void the contract. *Century 21 A1 Burack Rltrs. v. Zigler,* 628 S.W.2d 915, 916 (Mo. App.1982).

Plaintiffs next argue that if financing contingencies are a contingent subsequent, non-occurrence of them must be affirmatively pleaded, and failure by Baker to do so took away his affirmative defense, so that the giving of instruction 7 was error for not being within the pleaded issues. The legal file shows that plaintiffs' petition was filed in the associate division of the circuit court. Defendant filed a routine motion to dismiss the petition for failure to state a cause of action. Baker then requested a jury trial, and the case was certified to the presiding judge of the circuit for assignment, who then assigned it to the associate circuit judge of Division III for jury trial. No answer was ever filed.

■ Under these circumstances, Baker was not required to file an answer formally setting out an affirmative defense. Rules 55.08 and 55.16[1], which require affirmative defenses, like the one involved here, to be specifically pleaded, do not apply to actions originating in the associate division of the circuit court. Rule 41.01(b) provides that Rule 55 shall *not* apply to civil actions originating before an associate judge, but which are pending before a circuit judge *unless* the court orders the application of Rule 55, or specified portions of it. *Southwestern Bell Telephone Co. v. Kinealy,* 623 S.W.2d 63, 64 (Mo.App.1981).

■ In addition, the evidence of failure to procure the VA loan at 12% interest within the specified time was introduced without objection. In such instances, a later complaint that the evidence was irrelevant, since it was not raised by the pleadings, has no merit. *Hart v. Midkiff,* 321 S.W.2d 500, 507 (Mo.1959).

■ In their last attack in their claim of instructional error, plaintiffs claim there was not sufficient evidence to support the giving of instruction 7. The evidence on whether a 30-year VA loan of $46,000 at 12% interest was available to Baker, and that he *knew* it was available prior to May 31, 1983, was conflicting. Evidence on key issues usually is. It suffices to say that the jury was at liberty to believe testimony favorable to Baker, which they did, and to disbelieve testimony favorable to plaintiffs. The point has no merit.

■ Plaintiffs' remaining point is that the trial court erred in allowing the introduction of evidence that was immaterial, irrelevant and prejudicial. They claim the evidence complained of concerned Baker not being notified that his VA loan had been approved, or that repairs specified by the lending company as a condition for making a loan had been completed.

We believe such testimony was relevant, as having a bearing on the question that Baker knew, or did not know, on or before May 31, 1983, that a VA loan, in the amount and interest rate stated in the contract, was available to him. Plaintiffs cite no cases in their brief to the effect that the complained of testimony was irrelevant and prejudicial, and we know of none. The point is denied.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.