**TOWER MANAGEMENT, INC., d/b/a Blue Ridge Village, Respondent,**

v.

**Namon HENRY, Jr., and Minnie Henry, Appellants.**

**No. WD 35279.**

Missouri Court of Appeals, Western District.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 5, 1985.

Application to Transfer Denied April 30, 1985.

Kit C. Roque, Kansas City, for appellants; Gray, Payne & Roque, Kansas City, of counsel.

Michael E. Dailey, Kansas City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PRITCHARD, Judge.

This case was begun by respondent by its filing of its petition on November 12, 1982, for rent and possession of an apartment rented to appellants at 10500 East 42nd Street, Kansas City, Missouri, in the Associate Circuit Court. After trial, a judgment for restitution of the premises and for $1,625.00 rent, plus rent at $325.00 per month until restitution was made, was entered. An application for trial de novo was filed in the circuit court, but that court remanded the case to the associate circuit court because its judgment had not disposed of the claim against co-defendant, the respondent Minnie Henry. On February 28, 1983, the associate circuit court, upon the agreement and stipulation of both counsel, entered a new judgment against both appellants to include rent accrued since the date of the original judgment in the total amount of $2,275.00. It was further stipulated that appellants were still in possession of the premises. Appellants again timely filed their application for trial de novo.

According to appellants' Exhibit 8, they deposited $3,500.00 in cash as an appeal bond on their first application for trial de novo, and an additional $1,050.00 cash bond on the second application for trial de novo, after the associate circuit judge increased the judgment upon remand.

After the case was finally lodged in the circuit court for a trial de novo, appellants filed, for the first time, an answer and a Count II pleading denominated as a "counterclaim" on August 16, 1983. By the counterclaim pleading, appellants sought a diminution in the value of the leasehold resulting from respondent's alleged failure to provide heating and air conditioning to the apartment, a theory of breach of an implied warrant of habitability. The trial court expressed some concern about its jurisdiction over the matter because it had not been pleaded in the associate circuit court. No objection was ever made by respondent to the filing of the counterclaim, and since the trial court had *subject matter* jurisdiction over the issue, the late filing must be considered to have been waived. The trial court did not rule the case on any failure of appellants to plead the counterclaim first in associate circuit court as required by § 512.290, RSMo [amended by L.1978, p. 696, § A (§ 1), eff. Jan. 2, 1979], but proceeded to rule the issue of breach of the implied warranty of habitability.

The trial court ruled the question of appellants' right to maintain their defense of breach of an implied warranty of habitability upon the case of *King v. Moorehead,* 495 S.W.2d 65 (Mo.App.1973), where at page 77[15, 16], the court said, "Breach of this duty [of implied warranty of habitability] justifies retention of possession by the tenant and withholding of rent until habitability has been restored. A tenant who retains possession, however, shall be required to deposit the rent as it becomes due, *in custodia legis* pending the litigation. (Citing cases.) This procedure assures the landlord that those rents adjudicated for distribution to him will be available to correct the defects in habitability, and will also encourage the landlord to minimize the tenant's damages by making tenantable repairs at the earliest time. Also, for good cause and in a manner consistent with the ultimate right between the parties, a trial court will have discretion to make partial distribution to the landlord before final adjudication when to deny it would result in irreparable loss to him." Appellants' trial counsel, Mr. Kit Carson Roque, acknowledged to the trial court, "There is no question that the rent has not been—was not deposited in custodial (sic) legis." Upon this record, the trial court entered a judgment for $4,550 rent, $2,645 late charges and $2,475 attorney fees, possession and court costs, there being no objection to the evidence of rent due, late charges and attorney fees (as provided for in the lease).

Appellants nonetheless insist that their $4,550 cash appeal bond satisfied the requirement that the rent, as it became due, be deposited into court. The appeal bond serves but two purposes—to prevent execution on the associate circuit court judgment pending trial de novo, and to ensure that the bond will be applied to any final judgment rendered by the circuit court. It is *not* available as a fund for the trial court to distribute, in accordance with the Moorehead case, supra, to the landlord for reimbursement for making the premises habitable pending adjudication of the issue.

Appellants make complaint about their counsel's representation of them throughout. Any such issue cannot be reached on this appeal. On the state of the record, there is no alternative than to affirm the judgment. It is so ordered.

All concur.