Paul E. PODHORN, Jr., Liana E. Podhorn, Renata A. Podhorn, Plaintiffs,

v.

PARAGON GROUP, INC., San Miguel Apartments, Defendants.

No. 84–0896C(3).

United States District Court,
E.D. Missouri, E.D.

Feb. 7, 1985.

17.  *See* Directive 4421 III.A.1.

Michael G. Hoehn, Clayton, Mo., for plaintiffs.

Richard C. Bresnahan, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, Clayton, Mo., Joseph H. Mueller, Kortenhof & Ely, Alan G. Kimbrell, Robert L. Nussbaumer, Rosecan & Kimbrell, St. Louis, Mo., for defendants.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on defendants' joint motion to dismiss plaintiffs' complaint.

Plaintiffs bring this civil action alleging constructive eviction, breach of implied warranty of habitability, false swearing, false credit report, breach of implied covenant of quiet enjoyment, negligence, abuse of process, prima facie tort, conversion, and initiation of malicious prosecution by defendants. Defendant Paragon Group, Inc., is the owner of defendant San Miguel Apartments. All of these claims arise out of plaintiffs' tenancy at defendants' apartment building from April 1 to July 31, 1983.

On or about November 17, 1983, defendant Paragon Group, Inc., filed a petition in the Circuit Court of St. Louis County against the plaintiffs in this case, Paul and Liana Podhorn, for rent due. The state court action arose out of the same tenancy that gives rise to this federal cause. The Podhorns did not file a counterclaim in the state court action, and on March 29, 1984, a judgment in default was entered against the Podhorns in the sum of $1,113.33, plus costs.

Defendants move to dismiss plaintiffs' claim in this case asserting that it should have been filed as a compulsory counterclaim in the state court action.

■ Missouri Supreme Court Rule 55.-32(a) requires the filing of compulsory counterclaims:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

The Court finds plaintiffs' claims in this case arise out of the transaction or occurrence that gave rise to Paragon's rent action in the earlier state court case, namely plaintiffs' tenancy at defendants' apartment. Accordingly, plaintiffs were required to file the instant claims as compulsory counterclaims and their failure to do so bars them from having those claims heard. *Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811 (Mo.App.1982); *State ex rel. Davis v. Moss*, 392 S.W.2d 260 (Mo. banc 1965); *Harris v. Nola*, 537 S.W.2d 636 (Mo.App.1976).

Plaintiffs contend that associate circuit judges are granted limited authority and may not properly hear a civil case where the sum demanded, exclusive of interest and cost, exceeds $5,000. Mo.Rev.Stat. § 478.225.2(1). Plaintiffs argue that since their claims then and now exceed the statutory limit, the state court was without jurisdiction to hear their counterclaim if filed. Plaintiffs assert that the compulsory counterclaim rule does not apply in this action before an associate circuit judge.

■ Mo.Rev.Stat. § 517 governs the procedural dispute in this matter. The Supreme Court rule which requires the filing of compulsory counterclaims in the circuit court also applies to cases before an associate circuit court judge. Mo.Rev.Stat. § 517.020.1(3). In the event the counterclaim is not triable before an associate circuit judge, as in this case where the counterclaim exceeds $5,000, the case is to be certified for assignment to a judge who may hear the claim. In short, although

plaintiffs' counterclaim may not have been triable before the associate circuit judge, plaintiffs were not relieved of their obligation to file it.

Therefore, plaintiffs' claim is barred and this Court will grant defendants' motion to dismiss.