**Paul E. PODHORN, Jr., Liana E. Podhorn and Renata A. Podhorn, Appellants,**

v.

**PARAGON GROUP and San Miguel Apartments, Appellees.**

No. 85–1500.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1986.

Decided July 10, 1986.

---

Paul E. Podhorn, pro se.

Cheryl Callis and Robyn Greifzu Fox, St. Louis, Mo., for appellees.

Before LAY, Chief Judge, ROSENN,* Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Paul E. Podhorn, Jr., his wife, Liana E. Podhorn, and their minor child, Renata A. Podhorn, appeal from a final judgment entered in the District Court[1] for the Eastern District of Missouri dismissing their complaint against Paragon Group (Paragon) and San Miguel Apartments (San Miguel). The complaint arose out of a landlord-tenant dispute. For reversal, appellants argue that (1) the district court erred in dismissing their claims on the basis that the claims were compulsory counterclaims which had not been raised in the Missouri Associate Circuit Court (associate circuit court), (2) the associate circuit court did not have personal or subject matter jurisdiction over them, and (3) there were procedural irregularities in the associate circuit court which denied them due process. For the reasons discussed below, we affirm.

Appellants moved into the San Miguel Apartments on April 1, 1983. Subsequently, a landlord-tenant dispute arose; and in July 1983 appellants, claiming constructive eviction, moved out of the apartment. On November 17, 1983, Paragon filed suit in the associate circuit court for rent due. On February 28, 1984, appellants filed a pro se motion to dismiss on the basis that, among other things, the associate circuit court lacked jurisdiction over them and over the action because appellants intended to file a

---

* The Honorable Max Rosenn, United States Senior Circuit Judge for the Third Circuit, sitting by designation.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

counterclaim in excess of the jurisdictional amount for claims in the associate circuit court. The associate circuit court denied the motion to dismiss and entered a default judgment against appellants.

On April 18, 1984, appellants filed a diversity suit in federal district court. Appellants alleged constructive eviction, breach of the warranty of habitability, breach of the covenant of quiet enjoyment, prima facie tort, invasion of privacy, abuse of process, conversion of the security deposit, wrongful garnishment, and negligence. Paragon and San Miguel subsequently filed a motion to dismiss for failure to state a claim. The district court granted the motion to dismiss, holding that appellants' claims were compulsory counterclaims under Mo.R.Civ.P. 55 and therefore could not be alleged in a subsequent action. 606 F.Supp. 185. This appeal followed.

In January 1985 appellants submitted a motion for costs and sanctions against Paragon and San Miguel to this court. This motion was considered with the pending appeal.

Appellants initially argue that the district court erred in holding that their claims were compulsory counterclaims and therefore barred because they failed to raise them in the associate circuit court.[2] Relying on Mo.Rev.Stat. § 517.020(2) 1978 and Mo.R.Civ.P. 41.01, appellants argue that their claims were not compulsory claims under Missouri law. Appellants also contend that several Missouri cases have held that Mo.R.Civ.P. 55, which governs counterclaims, does not apply to actions in the associate circuit court.

San Miguel argues that appellants have misinterpreted the meaning of § 517.020. San Miguel contends that § 517.020 does not abrogate the requirement of raising a compulsory counterclaim but only eliminates the need to plead it formally in actions before the associate circuit court. San Miguel further argues that the cases cited by appellants only hold that formal pleading requirements do not apply in the associate circuit court. Paragon cites *Verhoff v. Dippold,* 655 S.W.2d 887 (Mo.Ct. App.1983), for the proposition that a defendant must raise a compulsory counterclaim prior to trial in a case pending in the associate circuit court.

Mo.R.Civ.P. 55.32(a) requires a party to file a compulsory counterclaim. However, § 517.020, which governs the procedures in actions before associate circuit judges, states in part that "the extant statute and Supreme Court rules relating to pleadings contained in Ch. 509, R.S.Mo., and Rule 55 shall not apply." Further, Mo.R.Civ.P. 41.01(b) provides that "Rule 55 shall not apply unless the court orders the application of Rule 55 or specified portions of it" in civil actions originating before an associate circuit judge.

Several Missouri cases have considered the applicability of the pleadings requirements of Mo.R.Civ.P. 55 to actions brought in the associate circuit court. In *Flores v. Baker,* 678 S.W.2d 884, 887 (Mo.Ct.App. 1984), the Missouri Court of Appeals held that Rule 55 "shall not apply to civil actions originating before an associate judge, but which are pending before a circuit judge unless the court orders the application of Rule 55 or specified portions of it." The court of appeals specifically held that Mo. R.Civ.P. 55.08 and 55.16, which require affirmative defenses to be specifically pleaded, do not apply to actions originating in the associate circuit division of the circuit court. *Id.* Similarly, in *Southwestern Bell Telephone Co. v. Kinealy,* 623 S.W.2d 63, 64 (Mo.Ct.App.1981) (failure to file an answer), the Missouri Court of Appeals held that Mo.R.Civ.P. 55.13 and 55.27(a)(9) did not apply to an action which originated in the associate circuit court and was later certified to the circuit court. The court of appeals held that Mo.R.Civ.P. 41.01(b) "specially excepted Rule 55 in its entirety from application" in the associate circuit court. *Id.* at 64–65; *see Stegemann v. Helbig,* 625

---

**2.** We note that the associate circuit court entered a default judgment which was not appealed. Neither the parties nor the district court discuss whether this judgment should be given res judicata effect. We therefore do not consider this issue.

S.W.2d 677, 680 (Mo.Ct.App.1981) (failure to assert an affirmative defense or right to set-off).

However, in *Verhoff v. Dippold,* 655 S.W.2d at 888, the Court of appeals held that a defendant was obligated to "file a statement of a counterclaim" in a case pending in an associate circuit court. The court held that although the defendant was required to file a compulsory counterclaim prior to trial, the plaintiff waived this requirement by not objecting to the presentation of evidence on the compulsory counterclaim. *Id.; see Tower Management, Inc. v. Henry,* 687 S.W.2d 564, 565 (Mo.Ct.App. 1984) (defendant required to plead counterclaim first in associate circuit court).

■■ We hold that the district court did not err in dismissing appellants' complaint because under state law their claims were compulsory counterclaims which had not been raised in the associate circuit court. Although the Missouri statute and rules governing counterclaims in associate circuit courts admit of more than one interpretation, a federal court in a diversity matter is required to apply the state law as interpreted by the courts of the state. Missouri intermediate appellate courts have determined that a defendant in an action in an associate circuit court must file a statement of a counterclaim.[3]

■ Appellants also argue that the associate circuit court lacked subject matter jurisdiction and personal jurisdiction and there were procedural irregularities in the associate circuit court proceedings which deprived them of procedural due process. This court does not have jurisdiction over these issues, which properly should have been raised on direct appeal in the state courts.

Accordingly, the judgment of the district court dismissing appellants' complaint is affirmed.

---

3. This interpretation is consistent with Mo.Rev. Stat. § 512.290 (1978), which does not permit a defendant in a trial de novo in the circuit court to plead a counterclaim that was not pleaded in the associate circuit court.