**UNITED STATES, ex rel., NEWSHAM, et al., Plaintiffs,**

v.

**LOCKHEED MISSILES AND SPACE, COMPANY, INC., Defendant.**

**No. C 88 20009 JW.**

United States District Court, N.D. California.

Dec. 9, 1991.

John R. Bolton, Asst. Atty. Gen., William T. McGivern, U.S. Atty., Judith Whetstine, Chief, Civ. Div., Stephen A. Shefler, Asst. U.S. Atty., San Francisco, Cal., Michael F. Hertz, Vincent B. Terlep, Jr., U.S. Dept. of Justice, Washington, D.C., for U.S.

James J. Gallagher, Charles Pereyra–Suarez, John G. Stafford, Jr., Mark R. Troy, McKenna, Conner & Cuneo, Los Angeles, Cal., B. Scott Silverman, Patricia Murray, Morrison & Foerster, Palo Alto, Cal., for defendant.

Guy T. Saperstein, Jocelyn D. Larkin, Farnsworth, Saperstein & Seligman, Oakland, Cal., for plaintiffs.

## ORDER DISMISSING COUNTERCLAIMS

WARE, District Judge.

Plaintiffs Margaret A. Newsham ("Newsham") and Martin Overbeek Bloem ("Bloem") are *qui tam* plaintiffs who have filed suit against Lockheed Missiles and Space Company ("Lockheed") for alleged fraud and misuse of public funds. Lockheed answered and asserted counterclaims against the *qui tam* plaintiffs. Plaintiffs move to dismiss the counterclaims on the ground that counterclaims against *qui tam* plaintiffs are barred as a matter of law. For reasons stated more fully below, the motion to dismiss is GRANTED.

## BACKGROUND

Plaintiffs brought suit on behalf of the United States against Lockheed for fraud and misuse of public funds pursuant to the False Claims Act ("FCA"). 31 U.S.C. § 3729 *et seq.* as amended, Pub.L. No. 99–562, 100 Stat. 3153 (1986). Under the FCA, private citizens may bring a civil action on behalf of the United States. 31 U.S.C. § 3730(b). If the government elects not to proceed with the action, the person who initiated the action has the right to conduct the action. 31 U.S.C. § 3730(c)(3).

After two unsuccessful attempts to have the complaint dismissed on other grounds, and an unsuccessful petition for interlocutory appeal, Lockheed filed its Answer to the Complaint, including Counterclaims against the *qui tam* plaintiffs. The counterclaims charge plaintiffs with breach of duty of loyalty and breach of fiduciary duty; breach of express contractual duties; breach of statutory duties under the California Labor Code; and breach of the implied covenant of good faith and fair dealing. Lockheed alleges that plaintiffs never formally advised Lockheed management of their concerns about the conduct of fellow Lockheed employees, in contravention of company policy and state law requirements. Lockheed prays for recovery of costs, attorneys' fees, and any other appropriate relief.

## DISCUSSION

The defendant argues the counterclaims are proper under Rule 13 of the Federal Rules of Civil Procedure.[1] Plaintiffs, on the other hand, argue that Lockheed's counterclaims against the *qui tam* plaintiffs are barred as a matter of law. The FCA, which allows private citizens to bring actions on behalf of the United States, does not directly address the issue of counterclaims against *qui tam* plaintiffs. The legislative history of the FCA indicates Congress intended to enhance the government's ability to recover losses sustained as a result of fraud against the government and an intent to protect informants from reprisals. S.REP. NO. 345, 99th Cong., 2d Sess. 1 (1986) *reprinted in* 1986 U.S.Code Cong. & Admin.News 5266. However, the legislative history does not speak to the issue of counterclaims against *qui tam* plaintiffs.

Case law interpreting the statute is similarly sparse. The most recent case dealing with counterclaims against *qui tam* plaintiffs is *Mortgages, Inc. v. U.S. D. Ct. for D. of Nev.*, 934 F.2d 209 (9th Cir.1991). In *Mortgages,* The United States Court of Appeals for the Ninth Circuit held that neither contribution nor indemnity may be asserted as counterclaims in a *qui tam* action under FCA, even if the *qui tam* plaintiff participated in wrongdoing. The Ninth Circuit determined that "FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy against a *qui tam* plaintiff with 'unclean hands.'" *Mortgages,* 934 F.2d at 213.

Defendant claims this action is distinguishable from *Mortgages* because defendant specifically states in its counterclaim that the counterclaims are asserted with respect to independent damages, and not for purposes of indemnification or contribution. However, as plaintiffs point out, there are significant similarities between *Mortgages* and the present case.

In *Mortgages,* a mortgage company filed an action under the FCA, offering the United States information it had obtained regarding allegedly false statements in applications for HUD-insured loans. The applicants counterclaimed for state law claims including breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, fraud, negligence, negligent misrepresentation and conspiracy seeking indemnification and/or contribution. In the present case, Lockheed counterclaims for breach of duty of loyalty and breach of fiduciary duty, breach of express contractual duties, breach of statutory duties under the California Labor Code,

---

1. Rule 13(a) of the Federal Rules of Civil Procedure requires a party to assert counterclaims arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

and breach of implied covenant of good faith and fair dealing.

While the *Mortgages* court denied the remedies of indemnification and contribution against *qui tam* plaintiffs, the language of *Mortgages* suggests a broader application. The court stated "the right to contribution and indemnification are no different in principle from other implied rights of action." *Mortgages*, 934 F.2d at 212. The plaintiffs contend, and the Court agrees, Lockheed's counterclaims are no different in principle from the counterclaims raised in *Mortgages*. If Lockheed were successful in its counterclaims, in effect, the *qui tam* plaintiffs would ultimately bear part of the costs of any judgment against Lockheed, the very result that was denied to defendants in *Mortgages*.

While the defendant does not cite a single case in which counterclaims against *qui tam* plaintiffs were permitted by any court, other courts have barred counterclaims against *qui tam* plaintiffs. In *Mortgages*, the court cited favorably *United States ex rel. Rodriguez v. Weekly Publications*, 74 F.Supp. 763 (S.D.N.Y.1947).[2] The *Rodriguez* Court cited public policy concerns when it dismissed a counterclaim against a *qui tam* plaintiff, and reasoned that to permit such counterclaims would be a strong deterrent to genuine informer's actions, and contrary to the public policy underlying the statute.

Although sparse, the weight of case law tips in favor of plaintiffs and against defendant. Moreover, to permit defendant to pursue a counterclaim for breach of contract and breach of loyalty for the failure to first raise its concerns with the alleged wrongdoer, would allow wrongdoers to retaliate against whistleblowers, and is contrary to legislative intent.[3] Accordingly, this Court must conclude that the counterclaims at issue in this case are barred as a matter of law.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to dismiss counterclaims is hereby GRANTED.

IT IS SO ORDERED.

---

**2.** The court also cited *United States v. Kennedy*, 431 F.Supp. 877 (C.D.Cal.1977) for the proposition that defendants in FCA action are not entitled to indemnification or contribution from *qui tam* plaintiffs. *See Mortgages*, 934 F.2d at 212.

**3.** Defendant argues Congressional enactment of the Major Fraud Act of 1989, 18 U.S.C. § 1031(g), indicates Congressional concern about rewarding employees who discover fraud and fail to alert appropriate management personnel.

Under the Major Fraud Act, an individual is not eligible for the reward if he or she failed to furnish the information to the individuals' employer prior to furnishing it to law enforcement authorities, unless the court determines the individual has justifiable reasons. HOUSE REP. NO. 273, 101st Cong., 1st Sess. 1 (1989) *reprinted in* 1989 U.S.Code Cong. & Admin.News 593.

While the legislative history indicates the legislation is intended to be analogous to the *qui tam* provisions of the FCA, Congress specifically made the Major Fraud Act non-retroactive. The legislative history of the Major Fraud Act does not suggest Congress was attempting to limit the *qui tam* provisions of the False Claims Act, nor does the legislative history indicate Congressional disapproval of the *Rodriguez* case, which was decided in 1947.