Herbert T. **BRENNER**, Plaintiff-
Appellant,

v.

**MITCHUM, JONES & TEMPLETON,
INC.**, a corporation, and Lee Mont-
gomery, Defendants-Appellees.

No. 72–2255.

United States Court of Appeals,
Ninth Circuit.

April 10, 1974.

Edward H. Cummings (argued), Dow-
ney A. Grosenbaugh, Meserve, Mumper
& Hughes, Los Angeles, Cal., for appel-
lant.

Marshall B. Grossman (argued),
Frank M. Kaplan, Schwartz & Alschuler,
Los Angeles, Cal., for appellee.

Before CHAMBERS and WRIGHT,
Circuit Judges, and SCHNACKE,* Dis-
trict Judge.

SCHNACKE, District Judge:

The court below granted summary
judgment for defendant-appellee [1] on
grounds that plaintiff-appellant's claim
was barred by collateral estoppel and
limitations. Since we affirm as to the
first of these grounds, we do not reach
the second.

The action is founded upon alleged vi-
olations of §§ 7 and 10 of the Securities
Exchange Act of 1934, 15 U.S.C. §§ 78g
and 78j, SEC Regulation T and Rule
10b–5 thereunder, certain rules of the
New York Stock Exchange, and com-
mon-law fraud.

The facts, stated sufficiently for
present purposes, are that in 1968 and
1969, plaintiff was a customer of de-
fendant. When he failed to respond to
margin calls, the securities in his ac-
count were sold out, leaving a deficiency
of some $75,000.

Defendant brought suit for this defi-
ciency in the Superior Court, Los Ange-
les County. Plaintiff was duly served

---

* The Honorable Robert H. Schnacke, United
States District Judge for the Northern Dis-
trict of California, sitting by designation.

1. Mitchum, Jones & Templeton, Inc. The in-
dividual defendant has never been served.

and represented by counsel. Prior to the filing of any responsive pleadings by plaintiff (defendant therein), the action was settled, and the present defendant filed a dismissal with prejudice.

The question here is the effect of those proceedings on plaintiff's maintenance of this action.

It is undisputed that defendant's claim for the deficiency arose out of the same transactions as those complained of by plaintiff here, and that plaintiff could have advanced his present claims as counterclaims in the deficiency action. In such cases Calif.C.C.P. § 439 at all applicable times provided:

> "If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor." [2]

Plaintiff attempts to avoid the plain meaning and applicability of this statute by arguing that it applies only where an answer has been filed in the first suit and not to a case where settlement is achieved without joinder of issue.

We fail to see anything in the statute or in logic to support plaintiffs' distinction. If such an interpretation were adopted, it would result in no more than the addition to the papers in every settlement of a *pro forma* general denial or else a trap for the unwary if counsel did not obtain and file it.[3]

Nor, as plaintiff contends, are we bound to reach this result by California authority. Admittedly, no California case so holds. Plaintiff rests primarily upon two leading California cases, Datta v. Staab, 173 Cal.App.2d 613, 343 P.2d 977 (1959) and Rothtrock v. Ohio Farmers Ins. Co., 233 Cal.App.2d 616, 43 Cal. Rptr. 716 (1965). In those cases, the courts refer to the fact that issue had been joined in the prior actions, but, as we read them, make nothing turn on such fact or suggest that the result would be otherwise had that element been lacking.

Affirmed.

---

2. This section was repealed effective in 1972. The comparable present section is 426.30, effective July 1, 1972.

3. This may be the result under § 426.-30(b)(2), *supra*, n. 2. We express no opinion.