[Civ. No. 26289. Fourth Dist., Div. One. Oct. 20, 1982.]

CURRIE MEDICAL SPECIALTIES, INC., Plaintiff and Appellant, v. NEWELL BOWEN, Defendant and Respondent.

COUNSEL

Irell & Manella and Morgan Chu for Plaintiff and Appellant.

Reynolds & Russell and Anson D. Reynolds for Defendant and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Currie Medical Specialties, Inc. sued Newell Bowen for breach of contract, fraud, negligent misrepresentation, intentional interference with prospective business advantage and unfair competition. Bowen's motion for summary judgment based on Currie's failure to comply with Code of Civil Procedure section 426.30 was granted. Currie appeals the judgment.

This is the second action between these parties. In 1979, Bowen sued Currie in the federal court for violating the Lanham Act (15 U.S.C. § 1051 et seq.) and unfair competition. Currie answered but made no counterclaim. Four months after Currie answered, the suit was dismissed with prejudice by stipulation of the parties.

The superior court found the claim made by Currie in the current action was a compulsory counterclaim in the earlier case and is barred by section 426.30.

Currie and Bowen sell labels to hospitals. In 1978, the parties orally contracted for Currie to stop selling its labels and become a distributor of Bowen's labels. In this action, Currie alleges Bowen breached the agreement and was guilty of fraud in its formation. In the earlier federal action Bowen alleged Currie usurped Bowen's customer lists, sales manuals and style of label while distributing for Bowen and then, after the contractual relationship was terminated, entered into unfair competition with Bowen.

■ The sole issue here is whether Currie's claim based on termination of the contract was a compulsory counterclaim in the earlier action under section 426.30. That section reads: "Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." This section, however, does not apply where: "Both the court in which the action is pending and any other court to which the action is transferrable pursuant to Section 396 are prohibited by the federal or state constitution or by a statute from entertaining the cause of action not pleaded." (Code Civ. Proc., § 426.40.) The question becomes whether the federal district court had jurisdiction to hear Currie's claim.

The parties agree there was no diversity or federal question jurisdiction applicable to Currie's claim. The dispute focuses on whether the federal court could have heard the claim under its ancillary jurisdiction. If Currie's claim arose out of the same transaction or occurrence which was the basis of Bowen's complaint, it was covered by ancillary jurisdiction and was a compulsory counterclaim (Fed. Rules Civ. Proc., rule 13(a), 28 U.S.C.; *Albright* v. *Gates* (9th Cir. 1966) 362 F.2d 928). The transaction or occurrence test is dispositive of this entire action because it settles the ancillary jurisdiction question and defines "related cause of action" as it is used in section 426.30. (See Code Civ. Proc., § 426.10.)

*Albright* v. *Gates, supra,* cites *United Artists Corp.* v. *Masterpiece Productions* (2d Cir. 1955) 221 F.2d 213, as providing the controlling interpretation of the transaction or occurrence test. *United Artists* holds the test requires "not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them." (*Id.* at p. 216.) This logical relationship approach is the majority rule among the federal courts (Wright & Miller, Federal Practice and Procedure: Civil (1971) § 1410). At the heart of the approach is the question of duplication of time and effort; i.e., are any factual or legal issues relevant to both claims? (*Great Lakes Rubber Corporation* v. *Herbert Cooper Co.* (3d Cir. 1961) 286 F.2d 631.)

The claims of Bowen and Currie involve common issues of law and fact. The nature of the contractual relationship is central to Currie's claim; it is likewise relevant to Bowen's claim because of the allegation Currie usurped Bowen's business properties during the relationship. Currie's answer to Bowen's complaint in federal court argued for estoppel based on Bowen's previous actions; those actions were the same as those which are the basis of Currie's current complaint. This overlap of issues satisfies the logical relation approach to the transaction or occurrence test. This common transaction, in turn, creates ancillary jurisdiction. Therefore, the exception to section 426.30 found in section 426.40 is not applicable.

The transaction common to both claims also triggers application of section 426.30. *Saunders* v. *New Capital for Small Businesses, Inc.* (1964) 231 Cal.App.2d 324 [41 Cal.Rptr. 703] holds section 426.30 is a parallel provision to federal rule 13(a); it is the presence of a common transaction which renders the counterclaim compulsory. The California courts have also adopted the expansive logical relation test of *United Artists* (*Ranchers Bank* v. *Pressman* (1971) 19 Cal.App.3d 612 [97 Cal.Rptr. 78]; *Saunders* v. *New Capital for Small Businesses, Inc., supra,* 231 Cal.App.2d 324). The presence of issues common to the claims of Bowen and Currie creates ancillary jurisdiction at the same time it requires section 426.30 be applied.

Currie contends the logical relation test is improperly broad when it is used to bar a claim; the policy in favor of giving each person a day in court is stressed. The case law does not support Currie. The waiver provision of section 426.30 is mandatory, the policy in favor of hearing all related claims in a single action controlling (*Sylvester* v. *Soulsburg* (1967) 252 Cal.App.2d 185 [60 Cal.Rptr. 218]; *United States* v. *Aquavella* (2d Cir. 1979) 615 F.2d 12; *Brenner* v. *Mitchum, Jones & Templeton, Inc.* (9th Cir. 1974) 494 F.2d 881). The 1979 federal action was the proper time and place for Currie's claim.

Judgment affirmed.

Cologne, J., and Staniforth, J., concurred.