**UNITED STATES of America, ex rel. Jason R. MADDEN, et al., Plaintiffs–Appellees,**

v.

**GENERAL DYNAMICS CORPORATION, a Delaware Corporation, Defendant–Appellant.**

No. 92–56042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1993.

Decided Sept. 14, 1993.

Herbert Fenster, McKenna & Cuneo, San Francisco, CA, for appellant.

Linda R. MacLean, Law Offices of Herbert Hafif, Claremont, CA, for appellees.

Gary A. Feess and Dale H. Oliver, Quinn Emanuel Urquhart & Oliver, Los Angeles, CA, for amicus curiae TRW Inc.

Paul L. Glenchur, Miller & Chevalier, Chartered, Washington, DC, for amici curiae Hughes Aircraft Co. and Lockheed Corp.

Laurie A. Oberembt, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, for amici curiae Northrop Corp. and Litton Industries, Inc.

Rex E. Lee, Sidley and Austin, Washington, DC, for amicus curiae Aerospace Industries Ass'n of America.

Morgan J. Frankel, Asst. Senate Legal Counsel, Washington, DC, for amicus curiae U.S. Senate.

John R. Phillips, Hall & Phillips, Los Angeles, CA, for amicus curiae Taxpayers Against Fraud.

Robert P. Parker, Paul, Weiss, Rifkind, Wharton & Garrison, Washington, DC, for amicus curiae Government Accountability Project.

Carolyn B. Kuhl, Munger, Tolles & Olson, Los Angeles, CA, for amici curiae Electronic

Industries Ass'n, Rockwell Intern. Corp. and Textron Inc.

Before: HALL, WIGGINS, and LEAVY, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

This action was brought by present and former employees of General Dynamics ("Relators") under the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3732. General Dynamics Corporation ("General Dynamics") challenges the district court's denial of its motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Three issues have been certified for appeal. The first is whether the qui tam provisions of the FCA violate the separation of powers doctrine and the Appointments Clause of the United States Constitution. The second issue is whether qui tam relators have standing under Article III of the Constitution and the third, whether the district court erred in dismissing General Dynamics' counterclaims. The district court had jurisdiction of this action pursuant to 28 U.S.C. § 1331 and the FCA. This court has jurisdiction pursuant to 28 U.S.C. § 1292(b).

## FACTUAL BACKGROUND

On September 2, 1988, the Relators brought this action on behalf of the United States Government under the qui tam provisions of the FCA. In their complaint the Relators alleged that General Dynamics made misrepresentations to the United States Navy concerning the testing and development of the Phalanx close-in missile system.

Pursuant to the provisions of the FCA the Relators' complaint was placed under seal to allow the United States to conduct an investigation and determine whether to assume control of the litigation. See 31 U.S.C. § 3730. After extensive deliberation the United States declined to intervene and the Relators were left to conduct the action. See 31 U.S.C. § 3730(b)(4)(B). Their complaint was served on General Dynamics on February 29, 1991.

In its answer to the complaint General Dynamics asserted eight counterclaims, including: 1) breach of duty of loyalty and breach of fiduciary duty, 2) breach of implied covenant of good faith and fair dealing, 3) violations of California Labor Code §§ 2854, 2855, and 2858, 4) libel, 5) trade libel, 6) fraud, 7) interference with economic relations, and 8) misappropriation of trade secrets. It also filed a motion to dismiss on the grounds that the qui tam provisions violate the separation of powers doctrine and the Appointments Clause and that qui tam relators do not have standing under Article III of the Constitution.

In an order dated November 25, 1991, the district court denied General Dynamics' motion to dismiss. The court held that the qui tam provisions do not violate the separation of powers doctrine because they do not impermissibly intrude on the executive branch's prescribed function of enforcing the laws. Although the qui tam provisions give private citizens the right to sue on behalf of the United States, the court concluded that these suits are still sufficiently within the control of the Attorney General such that the statute passes constitutional muster.

The district court also held that the qui tam provisions did not conflict with the Appointments Clause of Article II, section 2, clause 2. It concluded that qui tam relators are most properly classified as agents and not "officers" of the United States. Consequently, they do not have to be appointed in compliance with the dictates of the Appointments Clause.

Finally, the district court held that qui tam relators have standing under Article III of the Constitution. The court did not hold that qui tam relators are personally able to satisfy the standing requirements. Instead, it concluded that qui tam relators have standing based on the alleged injury suffered by the United States. Thus, it embraced an assignment theory of standing and supported its conclusion by emphasizing that the policy considerations underlying the standing doctrine are satisfied in this case.

In addition to denying General Dynamics' motion to dismiss, the district court also dismissed General Dynamics' eight counterclaims. In its order of February 12, 1992, the district court held that the Ninth Circuit's decision in *Mortgages, Inc. v. United States District Court for the District of Nevada*, 934 F.2d 209 (9th Cir.1991), precludes counterclaims which would discourage qui tam plaintiffs from filing suit. The court rejected General Dynamics' argument that this broad interpretation essentially immunizes qui tam relators with respect to wrongful acts taken against innocent defendants. Instead, it concluded that the FCA provides sufficient remedies against bad faith qui tam plaintiffs.

## STANDARD OF REVIEW

 The issues of whether the FCA's qui tam provisions are constitutional and whether a qui tam defendant can bring counterclaims are questions of law which we review de novo. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We are mindful that we should invalidate an act of Congress only "for the most compelling constitutional reasons." *Mistretta v. United States*, 488 U.S. 361, 384, 109 S.Ct. 647, 661, 102 L.Ed.2d 714 (1989) (quoting *Bowsher v. Synar*, 478 U.S. 714, 736, 106 S.Ct. 3181, 3193, 92 L.Ed.2d 583 (1986) (Stevens, J., concurring in judgment)). Furthermore, we recognize that we are obliged whenever "fairly possible" to interpret a statute in a manner that renders it constitutionally valid. *Communications Workers of America v. Beck*, 487 U.S. 735, 762, 108 S.Ct. 2641, 2657, 101 L.Ed.2d 634 (1988). Our adherence to this principle of presumptive constitutionality is guided by our understanding that "[w]hen we are required to pass on the constitutionality of an Act of Congress, we assume 'the gravest and most delicate duty that this Court is called on to perform.'" *Fullilove v. Klutznick*, 448 U.S. 448, 472, 100 S.Ct. 2758, 2771, 65 L.Ed.2d 902 (1980) (citation omitted).

## DISCUSSION

### A. *Constitutionality of the FCA.*

 General Dynamics argues that the qui tam provisions of the FCA violate the separation of powers doctrine and the Appointments Clause of the Constitution and that qui tam plaintiffs lack standing under Article III. We disagree. For an explanation of why these claims fail we direct the parties' attention to this court's decision in *United States ex rel. Kelly v. Boeing*, No. 92–36660, filed September 7, 1993. 1993 WL 460501 (9th Cir.1993).

### B. *Counterclaims.*

 The district court dismissed General Dynamics' counterclaims based on our decision in *Mortgages, Inc. v. United States District Court for the District of Nevada*, 934 F.2d 209 (9th Cir.1991). In *Mortgages*, the defendants in a qui tam action filed several counterclaims seeking indemnification and/or contribution from the qui tam plaintiffs. We held that the district court erred when it denied a motion to dismiss the counterclaims, reasoning that "[t]he FCA did not intend to ameliorate the liability of wrongdoers by providing defendants with a remedy against a qui tam plaintiff with 'unclean hands.'" *Mortgages*, 934 F.2d at 213.

In the instant case, the counterclaims filed by General Dynamics were substantively similar to those raised in *Mortgages*. However, rather than seeking indemnification and/or contribution, General Dynamics sought "independent damages." The district court did not think this difference was significant. It concluded that counterclaims for independent damages are impermissible under *Mortgages* because they have the practical effect of providing a defendant the opportunity to offset its liability by recovering damages from qui tam plaintiffs.[1]

We disagree. The decision in *Mortgages* is designed to prevent qui tam defendants from offsetting their liability. Counterclaims for indemnification or contribution by defini-

---

1. Other courts have also dismissed counterclaims brought to recover independent damages. *See United States ex rel. Newsham v. Lockheed Missile and Space Co.*, 779 F.Supp. 1252 (N.D.Cal.1991); *United States ex rel. Rodriguez v. Weekly Publications, Inc.*, 74 F.Supp. 763 (S.D.N.Y.1947).

tion *only* have the effect of offsetting liability. Counterclaims for independent damages are distinguishable, however, because they are not dependant on a qui tam defendant's liability.

The district court ignored this distinction. It adopted the blanket rule that counterclaims are forbidden in qui tam actions. This presumes that all qui tam defendants are liable. It also effectively prevents qui tam defendants from seeking damages against relators. As in the instant case, a qui tam defendant's counterclaims will often be compulsory under Federal Rule of Civil Procedure 13. As a result, a qui tam defendant is required to bring the counterclaims in the relator's suit or risk being unable to raise them in a subsequent proceeding. Fed. R.Civ.P. 13(a); *Currie Medical Specialties, Inc. v. Bowen*, 136 Cal.App.3d 774, 186 Cal. Rptr. 543 (Cal.Ct.App.1982). We conclude that denying a qui tam defendant recourse to damages offends procedural due process. *United States ex rel. Burch v. Piqua Engineering, Inc.*, 145 F.R.D. 452 (S.D.Ohio 1992).

To some extent a qui tam defendant's interests are adequately protected by specific provisions of the FCA. Section 3730(d)(4) of the FCA provides that a court may award the defendant reasonable attorney's fees and expenses if the defendant prevails and the action was brought in bad faith. Moreover, § 3730(d)(3) limits the award of a qui tam plaintiff deemed to be a wrongdoer.

These remedies are inadequate for two reasons, however. First, recovering damages under the FCA's attorney's fees provision is difficult because of the exacting standards that must be met. Under § 3730(d)(4) a qui tam defendant must establish that the plaintiff's action was clearly frivolous, clearly vexatious or brought primarily for the purpose of harassment. Second, these remedies do not provide for complete compensation. A qui tam defendant is not made whole because it is unable to recover for the actual harm it suffered as a result of the relator's conduct.

Thus, we hold that qui tam defendants can bring counterclaims for independent damages. As a result, we find that the district court erred in dismissing General Dynamics' counterclaims.

We recognize that our decision may encourage qui tam defendants to bring counterclaims for independent damages instead of indemnification. However, we do not think this will result in an end run around *Mortgages*. As the court in *United States ex rel. Burch* suggested, it is possible to resolve the issue of a qui tam defendant's liability before reaching the qui tam defendant's counterclaims. 145 F.R.D. at 457–58. If a qui tam defendant is found liable, the counterclaims can then be dismissed on the ground that they will have the effect of providing for indemnification or contribution. On the other hand, if a qui tam defendant is found not liable, the counterclaims can be addressed on the merits.

Finally, we are not persuaded that it is necessary to bar counterclaims in qui tam actions in order to provide relators with the proper incentive to file suit. The bounty provisions of the FCA already serve this purpose. *See* 31 U.S.C. § 3730(c). Rather, we believe that some mechanism must be permitted to insure that relators do not engage in wrongful conduct in order to create the circumstances for qui tam suits and to discourage relators from bringing frivolous actions. Counterclaims for independent damages serve these purposes.

## CONCLUSION

The district court's decision upholding the constitutionality of the qui tam provisions of the FCA is AFFIRMED. The district court's decision dismissing General Dynamics' counterclaims is REVERSED.