**AMERICAN MANAGEMENT AND ADMINISTRATION CORP., et al, Plaintiffs,**

v.

**SOLID ROCK WALL SYSTEMS, et al, Defendants.**

No. CIV.3:00CV01582(HL).

United States District Court, D. Puerto Rico.

Feb. 11, 2002.

Jane A. Becker–Whitaker, Law Offices of Jane Becker, Whitaker, PSC, San Juan, for Unlimited Entertainment Group of San Juan, Inc., American Management and Administration Corp., plaintiffs.

Heriberto J. Burgos–Perez, Fiddler, Gonzalez & Rodriguez, San Juan, David B. Kuhlman, Ramseyer & Kuhlman, APLC, San Diego, CA, for Solid Rock Wall Systems, Solid Rock Wall Systems, Inc., Cort-

land A. Gariepy, Jane Doe 00CV1582, Conjugal Partnership Gariepy–Doe, Scott R. Hansen, Joan Roe 00CV1582, Conjugal Partnership Hansen–Roe, A to Z Insurance Companies, defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion to dismiss by Defendants Solid Rock Wall Systems ("SRWS"), Solid Rock Wall Systems, Inc., Cortland Gariepy, and Scott Hansen. SRWS is a California general partnership. Solid Rock Wall Systems, Inc. is a California corporation. Gariepy and Hansen are partners of SRWS. Plaintiffs American Management and Administration Corporation ("AMAC") and Unlimited Entertainment Group of San Juan, Inc. ("UE") are Puerto Rico corporations. They bring claims based on the Lanham Act,[1] Puerto Rico trademark law,[2] and the Puerto Rico Civil Code provisions on fraud and breach of contract.[3]

■■■ Defendants bring their motion pursuant to Federal Rule 12(b)(6). In ruling on a motion to dismiss for failure to state a claim, a court must accept as true all well-pled facts in the complaint and draw every reasonable inference in the plaintiff's favor. *Berezin v. Regency Savings Bank*, 234 F.3d 68, 70 (1st Cir.2000). In the present case, both parties have submitted documentary evidence in support of their briefs regarding the motion to dismiss.[4] Ordinarily, a court may not consider such evidence unless the motion to dismiss has been converted to a motion for summary judgment. Fed.R.Civ.P. 12(b); *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins.*, 267 F.3d 30, 33 (1st

1. 15 U.S.C.A. § 1114 (West 1997 & Supp. 2001).

2. 10 P.R. Laws Ann. §§ 171—215 (1997).

3. 31 P.R. Laws Ann. §§ 3018, 3019, 3023, 3024, 3404, & 3408 (1990).

4. Docket nos. 14, 15, 19, 20, 25, & 26.

Cir.2001). There are exceptions to this rule when the documents' authenticity is not in dispute, when the documents consist of official public records, when the documents are central to the plaintiff's claim, or when they are sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993). In the present case, Plaintiffs base their claim, in part, on alleged breaches of contract. Among the documents submitted by the parties are copies of the contracts. These documents are central to Plaintiffs' claims and their authenticity is not in dispute. Accordingly, the Court will consider them in ruling on the motion to dismiss. *See Alternative Energy*, 267 F.3d at 34; *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 16–17 (1st Cir.1998). Additionally, the parties have submitted copies of pleadings from a California state court case and a Puerto Rico local court case, both of which involved AMAC and SRWS. The proceedings in that case are official public records, and the Court may consider them as well. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir.1994); *Watterson*, 987 F.2d at 4.

The allegations in the amended complaint, which the Court takes to be true, and the submitted documents mentioned above, portray the following history: In early 1997 AMAC entered into negotiations with Gariepy over the construction of an indoor rock climbing facility in Puerto Rico. As a result of these negotiations, AMAC entered into a contract with SRWS to build a climbing wall.[5] AMAC also entered into an "Exclusive Operation and Construction Agreement" with SRWS.

That agreement stated that AMAC intended to build a permanent wall-climbing facility; that it intended to use SRWS' products in these operations; and that once the facility was built, the parties would enter into a formal agreement which would include a provision on the royalties that SRWS would receive from the operation of the facility.[6] As part of these agreements, SRWS granted AMAC the exclusive use of the name "SolidRock" for wall-climbing facilities and related products in Puerto Rico. Gariepy had told AMAC that he owned this name. Additionally, Gariepy offered to show AMAC his business records so that it could determine how financially viable a wall-climbing business would be in Puerto Rico. AMAC also entered into an agreement with SRWS whereby SRWS would provide AMAC with "operations support" for the operation of a pizza restaurant at the wall-climbing site in Puerto Rico.

The allegations in the amended complaint go on to describe how this business relationship broke down: First, in August 1998, AMAC received a letter from an attorney representing California Climbing Centers, LLC ("CCC"), a California limited liability company. The letter stated that CCC had purchased the rights to the name "SolidRock" in 1996 from a partnership whose members included Gariepy and Hansen and that CCC had begun in 1997 the federal trademark registration for this name. Gariepy and Hansen had never disclosed this information to AMAC.[7] Second, the business records that Gariepy had shown AMAC belonged to CCC. Third, the

---

**5.** In their complaint, Plaintiffs allege that AMAC entered into this contract with "Gariepy's business." Docket no. 5, ¶ 13. They do not, however, specify which party entered into the contract. The contracts which are in the record, including one for the construction of a climbing wall, are between AMAC and SRWS. Docket no. 14, exhibit 1; docket no.

15, exhibit A. Accordingly, the Court will assume that the contract which Plaintiffs mention in paragraph 13 of their amended complaint was between AMAC and SRWS.

**6.** Docket no. 14, exhibit 1.

**7.** Docket no. 5, ¶ 19; docket no. 25, exhibit 5.

assistance that SRWS provided for developing the pizza restaurant menu consisted solely of a menu copied from a textbook on restaurant development. Fourth, in March 1999 Defendants sold a wall-climbing structure to a third party in Puerto Rico. Plaintiffs claim that under the contracts they had exclusive rights to these operations in Puerto Rico. Fifth, UE, which Plaintiffs describe as "an affiliated corporation," and AMAC have invested more than a million dollars in the development of this business. Plaintiffs allege that Defendants have not provided the level of ongoing support that they had promised when the parties began their business relationship. And sixth, the business plan that Defendants provided did not accurately reflect the profits and revenues that Plaintiffs have earned from their Puerto Rico operations.

Plaintiffs also allege that Defendants attempted to evade paying Puerto Rico taxes; that Defendants asked Plaintiffs to file for them a fraudulent Puerto Rico tax return; but that Plaintiffs refused to do so. In October 1999, AMAC filed an action in Puerto Rico local court to determine whether certain moneys it owes SRWS for performance of the "Exclusive Operation and Construction Agreement" are subject to Puerto Rico taxes.[8]

The controversy between these parties has engendered one other lawsuit. In May 1999, SRWS brought a claim against AMAC in California Superior Court. In its complaint, SRWS alleged that it entered into a contract with AMAC to build a wall-climbing structure in Puerto Rico; that SRWS fully performed its obligations under the contract; but that AMAC failed to pay the amount still owed under the contract for the work performed.[9] In its answer, AMAC denied these allegations and asserted as affirmative defenses that SRWS had breached this contract; that SRWS had failed to perform in accordance with any contracts which were the subject of the lawsuit; and that AMAC was entitled to a set-off for any amounts owed due to SRWS' failure to perform under these agreements and for any losses that AMAC had suffered in the business dealings between the two parties.[10] AMAC also filed a cross-complaint[11] against SRWS in which it alleged that SRWS breached the agreement to develop a pizza restaurant for AMAC. In its cross-complaint, AMAC also sought declaratory relief to determine the parties' respective rights and obligations under the pizza restaurant contract and the contract to build the wall-climbing structure.[12] A trial was held in May and August 2000 and judgment for SRWS was entered in the amount of $166,665.30. This amount included damages, interest, attorney's fees, and costs.[13]

In the case before the Court, Plaintiffs seek a declaratory judgment determining that they have the right to the name "SolidRock" in Puerto Rico; request damages in the event of a finding that they do not have a right to this name; and seek damages for what they claim were fraudulent acts and breaches of contract by Defendants. In their motion dismiss, Defendants argue that because AMAC could have raised these claims in its cross-complaint in the California case, the claims may not be raised now. In their motion,

8.   Docket no. 21.

9.   Docket no. 15, exhibit A.

10.   Docket no. 15, exhibit B.

11.   Under California law, a "cross-complaint" is the equivalent of the Federal Rules' coun-

terclaim. *See* Fed.R.Civ.P. 13; CAL.CIV.PROC. CODE § 428.10 (West 2002).

12.   Docket no. 15, exhibit C.

13.   Docket no. 15, exhibits E & F.

Defendants also move to strike pursuant to Rule 12(f) the allegations in the amended complaint that Defendants are attempting to evade the payment of Puerto Rico taxes. Defendants also move for a more definite statement pursuant to Rule 12(e). Plaintiffs have opposed the motion. For the reasons set forth below, the Court grants the motion to dismiss.

## DISCUSSION

■■■■ Defendants argue that Plaintiffs' claims are barred because they should have been brought as cross-complaints in SRWS' lawsuit against AMAC in California state court. Generally, federal courts faced with this issue have, in determining whether the subsequent federal case was barred, applied the law of the state where the earlier case was filed. *See, e.g., Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87–90 (2nd Cir.2000); *Pochiro v. Prudential Ins. Co. of Amer.*, 827 F.2d 1246, 1249 (9th Cir.1987); *Carnation Co. v. T.U. Parks Constr. Co.*, 816 F.2d 1099, 1103–04 (6th Cir.1987); *Podhorn v. Paragon Group*, 795 F.2d 658, 660–61 (8th Cir.1986); *Chapman v. Aetna Finance Co.*, 615 F.2d 361, 364 (5th Cir.1980); *Safway Steel Products v. Casteel Constr. Co.*, 1998 WL 792189, at *3 (N.D.Ind. Nov.3, 1998). The Court will follow the lead of the above-cited cases and apply California law. The relevant provision of the California Code of Civil Procedure provides

> [I]f a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

CAL.CIV.PROC. CODE § 426.30(a) (West 2002). A party's failure to raise a related cause of action in a cross-complaint will result in that party's being barred from

raising the cause of action in any subsequent lawsuit. *Conopco*, 231 F.3d at 89; *In re Russell*, 76 F.3d 242, 245 (9th Cir. 1996); *Carroll v. Import Motors, Inc.*, 33 Cal.App.4th 1429, 1434–39, 39 Cal.Rptr.2d 791, 794–97 (Cal.App.1995); *Crocker Nat'l Bank v. Emerald*, 221 Cal.App.3d 852, 862–64, 270 Cal.Rptr. 699, 705–06 (Cal. App.1990). Although this statute is analogous to the res judicata doctrine, it is more properly categorized as an affirmative defense of waiver and bar. *Conopco*, 231 F.3d at 87, 90 (Section 426.30 is "a cousin of res judicata"); *Saunders v. New Capital for Small Businesses, Inc.*, 231 Cal.App.2d 324, 333, 41 Cal.Rptr. 703, 709 (1964) ("This section embodies a special aspect of the doctrine of res judicata"); *see also Pochiro*, 827 F.2d at 1253 n. 12 (Noting that the doctrines of waiver and estoppel may also come into play when considering the preclusive effect of a failure to raise a compulsory counterclaim); 6 Wright, Miller & Kane *Federal Practice and Procedure* § 1417, at 129–34 (2d ed. 1990) (Favoring the use of waiver and estoppel as the "theoretical basis" for the compulsory counterclaim rule).

In the California case, SRWS brought claims based on AMAC's alleged breach of the contract under which SRWS was to build a wall-climbing structure in Puerto Rico. In the present federal case, Plaintiffs' claims are based on the right to the name "SolidRock" and on what they claim were fraudulent acts and breaches of contract by Defendants. If Plaintiffs' claims in the present case can be deemed to be related to SRWS' cause of action in the California case, their claims will be barred. A "related cause of action" is one which "arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." CAL.CIV.PROC. CODE § 426.10(c) (West 2002). This phrase is to be read expan-

sively; California courts favor a policy of having all related claims heard in a single action. *Currie Medical Specialties, Inc. v. Bowen,* 136 Cal.App.3d 774, 777, 186 Cal. Rptr. 543, 545 (Cal.App.1982); *Saunders,* 231 Cal.App.2d at 334–35, 41 Cal.Rptr. at 710–11. There must be some logical relationship between the two sets of claims. *Currie Medical,* 136 Cal.App.3d at 777, 186 Cal.Rptr. at 545. A section 426.10(c) transaction " 'is not confined to a single, isolated act or occurrence ... but may embrace a series of acts or occurrences logically interrelated ....' " *Cheiker v. Prudential Ins. Co. of Amer.,* 820 F.2d 334, 337 (9th Cir.1987) (quoting *Saunders,* 231 Cal.App.2d at 336, 41 Cal.Rptr. at 711).

Both SRWS' claims in the California case and Plaintiffs' claims in the present case arise out of a series of events which had a common objective: the construction, establishment, and operation of a wall-climbing facility in Puerto Rico. The parties' negotiations, subsequent contracts, and resultant duties thereunder were all directed toward this objective. In the present case before this Court, Plaintiffs seeks redress based on the rights to the name "SolidRock," the alleged failure by Defendants to assist in the development of a pizza restaurant as part of the wall-climbing facility, and Defendants' alleged failure to provide ongoing support for the operation of the facility. These matters involve necessary steps towards the goal of building and operating a wall-climbing facility. Another necessary step towards this goal was the construction of the facility in the first place. This construction was the subject matter of SRWS' California lawsuit. Both SRWS' claims in the California case and Plaintiffs' claims in the present case deal with matters that are integral parts of the same ultimate objective of establishing a wall-climbing facility

in Puerto Rico. The discrete matters addressed in the two lawsuits are logically related. Based on this logical relationship and based on the California courts' expansive reading of the terms "related cause of action" and "transaction," the Court concludes that Plaintiffs' claims in the present case arise out of the same series of transactions that gave rise to SRWS' California case.

In their opposition to the motion to dismiss, Plaintiffs offer no serious opposition to refute a finding that the causes of action in the California case and this federal case are related. Indeed, the record supports the interrelatedness of these matters. For example, the parties' "Exclusive Operation and Construction Agreement" stated that AMAC intended to build a permanent wall-climbing facility; that it intended to use SRWS' products in these operations; and that once the facility was built, the parties would enter into a formal agreement which would include a provision on the royalties that SRWS would receive from the operation of the facility. In that same agreement, SRWS granted to AMAC the use of the name "SolidRock." [14] This contract mentions both the rights to the name "SolidRock" and the construction of a wall-climbing facility. Thus, the question of the rights to the name and the construction of the facility were part of the same series of transactions.

In the California case, AMAC did plead as affirmative defenses that SRWS had breached the contracts between the parties and that it (AMAC) was entitled to a set-off for monetary losses due to SRWS' non-performance of the contracts and for losses arising out of the business dealings between the parties.[15] However, a party may not avoid the effect of section 426.30 merely by raising a claim in its affirmative

14. Docket no. 14, exhibit 1.

15. Docket no. 15, exhibit B.

defenses. *Cheiker,* 820 F.2d at 337. Rather, a cross-complaint must be brought in a separate document. CAL.CIV.PROC. CODE § 428.40 (West 2002); *Keith G. v. Suzanne H.,* 62 Cal.App.4th 853, 860, 72 Cal.Rptr.2d 525, 529–30 (Cal.App.1998). Thus, AMAC's affirmative defenses are insufficient to prevent the application of section 426.30.

One of Plaintiffs' claims in the present case is based on the Lanham Act. Section 426.30 does not apply to those causes of action that could not have been brought as a cross-complaint because the California court did not have jurisdiction over it. CAL.CIV.PROC. CODE § 426.40(b) (West 2002). For trade name disputes, however, state courts have concurrent jurisdiction with federal courts to hear these matters. 28 U.S.C.A. § 1338(a) (West Supp.2001); *Wells' Dairy, Inc. v. Estate of Richardson,* 89 F.Supp.2d 1042, 1056 (N.D.Iowa 2000); *1st Nat'l Reserve, L.C. v. Vaughan,* 931 F.Supp. 463, 465 (E.D.Tex.1996). Thus, the California court would have had jurisdiction to hear a cross-complaint based on the rights to the trade name "SolidRock." [16]

In their opposition, Plaintiffs assert that their present case should not be barred because they attempted to present evidence on the Puerto Rico tax issue and the right to the "SolidRock" name in the California case; that SRWS argued in that case that this evidence was not relevant; and that the California court ruled that these matters were not relevant to the breach of contract and therefore did not consider them. Plaintiffs argue that because SRWS was successful in excluding evidence on these claims from the California case, it may not now invoke California's section 426.30 to exclude these claims from the present case as well. Plaintiffs fail to cite, however, to any case law to support the proposition that section 426.30 does not come into effect if a party moved in the first case to exclude evidence relevant to claims which were being raised for the first time in the second case. Moreover, the Court has found no case to support this attenuated argument. It is undisputed that AMAC failed to include these matters in a cross-complaint in the California case. As discussed above, these matters constituted related causes of action. Thus, they should have been raised in a cross-complaint in the California case.

Plaintiffs' argument regarding the exclusion of the evidence on these claims in the first case is wholly besides the point. If AMAC would have filed a cross-complaint on these particular matters in the California case, then the evidence it proffered on these matters would most certainly have been relevant. The fact that the evidence was excluded should not redound adversely against SRWS. The inadmissibility of this evidence was due to AMAC's failure to file a cross-complaint that would have made the evidence relevant.[17]

The claims that Plaintiffs now raise in the present case could have and should have been raised by AMAC as cross-complaints in the California case.

---

**16.** Moreover, as discussed above, the trade name dispute was so logically related to SRWS' breach of contract claim as to be part of the same series of transactions. *See also Currie Medical,* 136 Cal.App.3d at 777, 186 Cal.Rptr. at 544–45 (holding that the relation between federal court claims under the Lanham Act and claims for breach of contract was sufficiently close to warrant application of section 426.30).

**17.** The precise nature of Plaintiffs' claims regarding the Puerto Rico tax issue is unclear. If Plaintiffs are claiming that Defendants are evading their Puerto Rico tax liability, it is not apparent how they have standing. If, on the other hand, they are claiming that Defendants somehow involved Plaintiffs in a tax-evasion scheme, such a claim should have been brought as a cross-complaint in the California case.

AMAC's failure to do so bars it from making these claims now. Therefore, the Court dismisses AMAC's claims against SRWS.[18] In the present case, Gariepy and Hansen are also named as defendants. They were not parties in the California case. Defendants argue that because Gariepy and Hansen are general partners of SRWS, they stand in privity with that entity and therefore the claims against them should also be precluded. A judgment in California is binding not only on the parties, but also on those who are in privity to a party to the judgment. *Russell*, 76 F.3d at 245. Privity exists where a party so identifies with a second one that he represents the same legal right. *Id.* Under California law, general partners are liable for the obligations of the partnership. CAL.CORP. CODE § 16306 (West 2002); *In re Prestige Limited Partnership–Concord*, 205 B.R. 427, 433 (Bankr. N.D.Cal.1997), *aff'd*, 164 F.3d 1214 (9th Cir.1999); *Black v. Sullivan*, 48 Cal. App.3d 557, 569, 122 Cal.Rptr. 119, 127 (Cal.App.1975). Thus, Hansen and Gariepy are in privity to SRWS. Plaintiffs do not contest Defendants' argument on the privity issue. Because these two individuals are in privity with SRWS and because Plaintiffs do not contest this issue, the Court dismisses AMAC's claims against Hansen and Gariepy.

■ The present ruling does not dispose of the entire case. There are other parties in this action who were not part of the California case. UE is a plaintiff in the present case, and Solid Rock Wall Systems, Inc. is a defendant. Neither of them was a party in the California case. Their relationship to the other parties is unclear from the pleadings. Defendants argue that UE is in privity to AMAC and that therefore the former's claims should also be dismissed. The amended complaint and the documents which the Court has considered in ruling on the present motion to dismiss do not provide sufficient information to enable the Court to make such a finding. The relation between UE and AMAC is a factual issue that cannot be resolved at this stage of the proceedings. Therefore, the Court denies Defendants' request to dismiss UE's claims as well.

The Court has a second reason for keeping UE in the case. In their motion to dismiss, Defendants also move for a more definite statement under Rule 12(e). Plaintiffs have stated that they do not object to this request. Therefore, the Court grants the request. Plaintiffs shall have until **March 1, 2002**, to file a second amended complaint. The amended complaint should make clear what is UE's relationship to AMAC and what is the basis for UE's claims against the defendants. The amended complaint should also specify what conduct by Solid Rock Wall Systems, Inc. makes it liable. In

---

**18.** This holding does not apply to AMAC's claim regarding the pizza restaurant. That is because AMAC did bring a cross-complaint in the California case on this issue. The California court, however, entered judgment dismissing this cross-complaint. *See* docket no. 15, exhibits E & F. Plaintiffs state that they have appealed this judgment. Docket no. 19, at 6 n. 5. The outcome, if any, of this appeal is not in the record. If the judgment has been affirmed and is now final, then any claim by AMAC in the present case for a breach of the pizza restaurant agreement would be barred by the doctrine of res judicata. *See E.E.O.C.*

*v. Luce, Forward, Hamilton & Scripps*, 122 F.Supp.2d 1080, 1084 (C.D.Cal.2000) (Under California law on claim preclusion, a claim may not be relitigated when a prior action has adjudicated the same claim involving the same parties as the second claim and resulting in a final judgment); *Victa v. Merle Norman Cosmetics, Inc.*, 19 Cal.App.4th 454, 459, 24 Cal.Rptr.2d 117, 120 (Cal.App.1993). The Court will assume that a final judgment has been entered in this case and that this particular claim is barred by res judicata. Plaintiffs shall have until March 1, 2002, to inform the Court otherwise.

drafting this amended complaint, Plaintiffs should keep in mind that the Court today is dismissing AMAC's claims against SRWS, Hansen, and Gariepy. Therefore, the amended complaint should not include any claims by AMAC against these parties. The only remaining defendant against which AMAC may bring a claim is Solid Rock Wall Systems, Inc. Plaintiffs' failure to file an amended complaint in compliance with these terms will result in the dismissal of this case.

WHEREFORE, the Court **grants** the motion to dismiss (docket no. 14). Plaintiffs shall have until **March 1, 2002**, to file a second amended complaint in compliance with this order.

**IT IS SO ORDERED.**