**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES THOMAS LONG, DBA James Thomas Long Photography, on behalf of himself and the proposed class, | No. 15-16810 |
| | D.C. No. 3:10-cv-05761-RS |
| Plaintiff-Appellant, | |
| | MEMORANDUM* |
| v. | |
| INGENIO, INC., DBA AT&T Interactive, a corporation; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before: TROTT and IKUTA, Circuit Judges, and FABER,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

James Long appeals the district court's (1) entry of summary judgment in favor of defendants (collectively, "Yellowpages") on his claims for declaratory and injunctive relief under sections 17203 and 17535 of the California Business and Professions Code[1] and (2) denial of Long's motion for leave to file an amended complaint adding a second named plaintiff in this putative class action.

It is undisputed that Long "currently has no contractual relationship with [Yellowpages] and therefore is not personally threatened by [its] conduct." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004). Long therefore lacks a real or immediate threat of an irreparable injury that would support his Article III standing to pursue injunctive relief. *See id.* at 1021–22.

Long's claim for declaratory relief is moot. Yellowpages represented to the district court at summary judgment that it would not seek to file a claim for any payment obligations incurred by Long, and Yellowpages's failure to assert a timely compulsory counterclaim precludes it, as a matter of law, from pursuing a claim for collection. *See* Cal. Civ. Proc. Code § 426.30; *Semtek Int'l, Inc. v. Lockheed*

---

[1] Long did not specifically and distinctly challenge the district court's entry of summary judgment on his claims for monetary relief, so we do not consider them. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

*Martin Corp.*, 531 U.S. 497, 508–09 (2001); *Currie Med. Specialties, Inc. v. Bowen*, 136 Cal. App. 3d 774, 776–77 (1982).

Although Long's claims for declaratory relief are moot, any class member who had paid money to Yellowpages would be free to pursue class-wide monetary and declaratory relief claims and could reject Yellowpages's efforts to satisfy the individual claims. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016). These claims are accordingly not "transitory" so as to keep the case alive until the district court has the opportunity to rule on class certification. *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1142–43 (9th Cir. 2016); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011). Therefore, the district court did not err in entering summary judgment and dismissing the entire lawsuit before reaching class certification. *See Emp'rs-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007); *Kuahulu v. Emp'rs Ins. of Wausau*, 557 F.2d 1334, 1337–38 (9th Cir. 1977).

Finally, the district court did not abuse its discretion by denying leave to amend.[2] The record reflects that Long "failed to justify the delay in seeking leave to amend the complaint," *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th

---

[2] The record does not reflect that any new plaintiff filed a motion to intervene, so we reject Long's argument that the district court should have granted such a motion.

3

Cir. 1988), and filed the proposed amendment while a summary judgment motion raising arguments specific to Long was pending, *cf. Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) *abrogated on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) (en banc). The district court identified and applied the correct legal standard from *Foman v. Davis*, 371 U.S. 178, 182 (1962), and its findings that Long's proposed amendment was unduly delayed and unduly prejudicial were not clearly erroneous.

**AFFIRMED.**