

FILED

NOT FOR PUBLICATION

NOV 3 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:
ROBERTO C. HERNANDEZ,

        Debtor.

_____

ROBERTO C. HERNANDEZ,

        Appellant,

v.

RAFAEL HERNANDEZ,

        Appellee.

BAP No.  CC-22-1122-GLS

Bk. No.1:21-bk-11450-VK

**MEMORANDUM**[*]

Appeal from the United States Bankruptcy Court
for the Central District of California
Victoria S. Kaufman, Bankruptcy Judge, Presiding

Before: GAN, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 11[1] debtor Roberto C. Hernandez ("Roberto") appeals the bankruptcy court's order overruling his objection to the claim filed by his brother and creditor Rafael Hernandez ("Rafael").[2] Roberto and Rafael

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] Because the parties share a last name, we refer to each by his first name to avoid confusion. No disrespect is intended.

were equal partners in a mechanic and auto body shop and jointly operated the business until 2015. They agreed to terminate the joint venture and for Roberto to buy out Rafael's interest. But after Roberto breached the agreement, Rafael filed suit in state court and obtained a judgment.

In the bankruptcy case, Roberto objected to Rafael's proof of claim and argued that he was entitled to a setoff against Rafael's claim for one half of his personal income tax liability incurred during the period the brothers were partners in the business. The bankruptcy court overruled the objection because Roberto did not establish a basis for joint liability of his personal income taxes and, if the taxes were a joint liability, Roberto was required by California Code of Civil Procedure ("CCP") § 426.30 to file a cross-complaint for relief in the state court action. Because Roberto did not assert the claim in that action, he was barred from later asserting a setoff right based on the tax liability.

We find no error in the bankruptcy court's ruling and AFFIRM.

## FACTS

### A.     Prepetition Events

In 2011, Roberto and Rafael formed a joint venture to purchase a building and operate a mechanic and auto body service business there. The brothers operated the joint venture as a 50/50 partnership, paying expenses for the building and the business from earnings and sharing profits equally.

2

Rafael became concerned that Roberto was not equally dividing net proceeds from the business, and the brothers decided to cease working together. They formally dissolved their joint venture by oral agreement in November 2015 (the "Termination Agreement"). Under the Termination Agreement, Roberto would take full ownership of the building and business in exchange for paying Rafael $100,000 by February 2016 and an additional $250,000 by January 1, 2017. Rafael fully performed under the Termination Agreement by relinquishing his interest in the business and property and starting his own business elsewhere. Roberto paid Rafael $100,000 in February 2016, but he never paid the remaining $250,000.

In 2018, Rafael filed suit in the Los Angeles County Superior Court for breach of contract and other relief, alleging that Roberto failed to pay the balance owed under the Termination Agreement. Roberto filed an answer to the complaint, but he did not assert a defense of setoff or file a cross-complaint for taxes or other amounts owed by Rafael. Instead, Roberto contended that he was always the sole owner of the business, and he testified that he paid expenses, including the taxes incurred on income earned by the business, with his personal credit card. The state court rejected Roberto's argument because the purchase agreement for the building and the equal monthly draws taken by the brothers corroborated the existence of the partnership. And the state court noted that Roberto did not present documentary evidence to support his claim that he paid the taxes. The state court entered judgment in favor of Rafael for $250,000 plus

prejudgment interest. Roberto appealed, and the California Court of Appeal affirmed.

## B.    The Bankruptcy and Claim Objection

In August 2021, Roberto filed a chapter 11 petition, electing to proceed under subchapter V. Rafael filed an unsecured proof of claim based on the state court judgment.

Roberto objected to the claim and argued that it should be reduced by $102,634.49, which he asserted was one half of his tax liability incurred during the period the brothers were partners. Roberto based his objection on a theory of implied contractual indemnity under California law and attached the proofs of claim filed by the IRS and the California Franchise Tax Board ("FTB") to substantiate his tax liability.

In opposition, Rafael argued that Roberto's "implied contractual indemnity" claim was essentially a breach of contract claim against Rafael. Because an action for implied contractual indemnity is predicated on the indemnitor's breach of contract, and it was Roberto, not Rafael, who breached the contract, Rafael argued that Roberto had no basis for an indemnity claim.

Rafael also asserted that there was no evidence that he was responsible for Roberto's personal income taxes. And he argued that Roberto's claim for setoff was barred by CCP § 426.30 because the tax liability existed at the time Roberto filed his answer, and it arose from the "same transaction or occurrence" as the state court complaint.

4

In reply, Roberto maintained his claim against Rafael was unrelated to the state court action because it was based on liabilities under the joint venture agreement, not the Termination Agreement. He argued that because Rafael was a 50% owner of the business which generated the income, he was equally liable for the resulting taxes. Roberto attached his personal tax returns for the relevant years and claimed that the tax liability was based on the "total earnings of the auto body and repair business of which Rafael Hernandez and I were determined to be 50/50 owners."

Roberto disputed that CCP § 426.30 barred his claim for setoff because a claim for implied contractual indemnity would not accrue until he paid the taxes. Since he had not yet paid the taxes at the time of the state court action, Roberto argued that any claim against Rafael was permissive, not compulsory.

## C. The Court's Ruling

After a hearing, the bankruptcy court issued a written ruling overruling Roberto's objection. It held that CCP § 426.30 barred Roberto's claim for setoff because his income tax liability was known at the time of the state court action. The court reasoned that permitting Roberto an extended period to assert a setoff would unnecessarily conflict with the purposes of CCP § 426.30, and it would be inequitable to allow Roberto to evade the statute merely by refusing to pay his taxes and allowing subsequent interest and penalties to accrue.

Additionally, the bankruptcy court held that Roberto had not demonstrated that his personal income taxes were an obligation of the joint venture. If the taxes were assessed against only Roberto, and the taxing authorities did not have a right to recover from Rafael, then Roberto had no claim for implied contractual indemnity. The bankruptcy court entered its order overruling Roberto's objection, and Roberto timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by overruling Roberto's objection to Rafael's claim?

## STANDARDS OF REVIEW

In the context of claim objections, we review the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). The bankruptcy court's ruling that Roberto's claim for setoff was barred under state law is a legal conclusion which we review de novo. Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

The bankruptcy court's ruling that Roberto did not establish that his taxes were a joint liability, and thus not subject to a claim for implied

6

contractual indemnity, is a factual determination which we review for clear error. Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

## DISCUSSION

**A.     Legal Standards Governing the Claim Objection**

Pursuant to § 502(a), a proof of claim is deemed allowed unless a party in interest objects, and pursuant to Rule 3001(f), the proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Upon objection, the bankruptcy court must disallow a claim to the extent it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

To defeat a claim, the objecting party must present sufficient evidence and show facts tending to defeat the claim by probative force equal to the allegations in the proof of claim. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991). "If the objecting party fails to present sufficient evidence to rebut the presumption of validity, 'the claims litigation ends there; the claim should be allowed without the claimant bearing any further burden to demonstrate the validity of its claim.'" *Nations First Cap., LLC v. Decembre (In re Nations First Cap.)*, BAP No. EC-19-1201-GLB, 2020 WL 3071983, at *7 (9th Cir. BAP June 5, 2020) (quoting *Bayview Loan Servicing, LLC v. Donnan (In re Donnan)*, BAP No. EC-18-1106-

BSL, 2019 WL 1922843, at *3 (9th Cir. BAP Apr. 29, 2019)), *aff'd*, 851 F. App'x 32 (9th Cir. 2021).

Here, Roberto did not object to the validity of the state court judgment; he asserted a right under state law to set off liability owed by Rafael.[3] Consequently, we look to California law to determine whether Roberto was entitled to a setoff for amounts owed by Rafael.

"Under California law, the right of setoff is codified by [CCP] § 431.70." *Prior v. Tri Counties Bank (In re Prior)*, 521 B.R. 353, 362 (Bankr. E.D. Cal. 2014). That statute generally preserves a party's right to set off liability, but it precludes setoff where a party was required by CCP § 426.30 to assert a cross-complaint. CCP § 431.70 provides in pertinent part:

> Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other . . . . The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426.30 . . . .

---

[3] "The Code preserves a debtor's right to effectuate a setoff under § 558, as it exists under state law." *A.B.C. Learning Ctrs. Ltd. v. RCS Cap. Dev., LLC (In re RCS Cap. Dev., LLC)*, BAP No. AZ-12-1381-JuTaAh, 2013 WL 3618550, at *8 (9th Cir. BAP July 16, 2013) (citation omitted); *see also Camelback Hosp. Inc. v. Buckenmaier (In re Buckenmaier)*, 127 B.R. 233, 237 (9th Cir. BAP 1991) ("The Code does not create or expand the setoff right but instead merely preserves the common-law right under applicable non-bankruptcy law." (cleaned up)).

CCP § 426.30(a) provides:

> Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

Thus, if a party fails to assert a cross-complaint for damages related to the allegations in the complaint, that party is barred by CCP § 426.30(a) from later asserting a right of setoff based on the alleged damages.

The term "related cause of action" is defined as "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." Cal. Civ. Proc. Code § 426.10(c). The presence of a common transaction renders the cross-complaint compulsory, and the waiver provision of CCP § 426.30 is mandatory. *Currie Med. Specialties, Inc. v. Bowen*, 136 Cal. App. 3d 774, 777 (1982).

The purpose of CCP § 426.30 is "to require reciprocal rights flowing from a common source to be determined in a single action, thus avoiding not only unnecessary vexatious litigation, but also the contingency of conflicting judgments." *Saunders v. New Cap. for Small Bus., Inc.*, 231 Cal. App. 2d 324, 335 (1964) (emphasis omitted). To achieve this purpose, courts liberally construe CCP § 426.30 and interpret the "relatedness" standard to require "not an absolute identity of factual backgrounds for the two claims,

9

but only a logical relationship between them." *Align Tech., Inc. v. Tran*, 179 Cal. App. 4th 949, 960 (2009) (quoting *Currie Med. Specialties, Inc.*, 136 Cal. App. 3d at 777); *see also ZF Micro Devices, Inc. v. TAT Cap. Partners, Ltd.*, 5 Cal. App. 5th 69, 84 (2016).

## B. The Bankruptcy Court Did Not Err by Overruling Roberto's Claim Objection.

Roberto argues that the bankruptcy court erred by holding that his claim for setoff was barred by CCP § 426.30. He maintains that because he and Rafael were equally responsible for partnership debts under the joint venture agreement, Rafael is liable for half of the tax liability incurred on income earned through the business. And because he seeks a setoff under a theory of implied contractual indemnity, which arises only after payment of a joint obligation, *see E.L. White, Inc. v. City of Huntington Beach*, 21 Cal. 3d 497, 506 (1978), Roberto argues that his claim did not exist at the time of the state court action. He further contends that his indemnity claim was not related to Rafael's complaint for breach of the Termination Agreement.

Roberto focuses solely on the bankruptcy court's application of CCP § 426.30 and whether his claim for implied contractual indemnity was compulsory at the time of the state court action. He makes no argument relevant to the bankruptcy court's finding that he failed to establish joint liability of the taxes and, consequently, had no basis for a setoff claim.

10

Thus, Roberto has waived the issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Moreover, we agree with the bankruptcy court that Roberto did not establish any basis for Rafael's joint liability. Although Roberto contends the taxes were incurred for income earned through the business during the period that the brothers were partners, the tax returns he provided are his personal income tax returns. He presented no evidence to support a claim that the partnership was a separate taxable entity or that Rafael shares responsibility for the taxes.

For purposes of federal income tax, "partnerships are not taxable entities; they pay no federal income taxes and file only informational returns." *Cent. Valley AG Enters. v. United States*, 531 F.3d 750, 755 (9th Cir. 2008) (citing I.R.C. §§ 701, 6031). The same is true under California law. *See* Cal. Rev. & Tax. Code § 17851 (applying I.R.C. §§ 701-776 to California partnerships). Individual partners are "separately or individually liable for income taxes on their distributive share of partnership items." *Cent. Valley AG Enters.*, 531 F.3d at 755.

Without evidence that Rafael is jointly liable for Roberto's personal income taxes, Roberto cannot maintain a viable claim for indemnity or setoff. *See Prince v. Pac. Gas & Elec. Co.*, 45 Cal. 4th 1151, 1166 (2009) ("[O]ur recognition that a claim for implied contractual indemnity is a form of equitable indemnity . . . corrects any misimpression that joint liability is not a component of such claims." (cleaned up)). The bankruptcy court did not

11

clearly err by determining that Roberto failed to present a basis to set off his personal income taxes, and we would affirm on this basis alone.

But we also find no error in the court's application of CCP § 426.30. If Roberto could demonstrate that Rafael was jointly liable for his income taxes—which is essential to the claim for setoff—he was required by CCP § 426.30 to file a cross-complaint to assert that liability. Roberto incurred the tax between 2012 and 2015, well before his answer to the state court complaint was due in 2018, and his knowledge of the liability is shown by his testimony in state court that he paid the taxes with his personal credit card.

Whether denominated as a breach of contract claim, a claim for partnership accounting, or a claim for implied contractual indemnity, any claim that Rafael was jointly responsible for Roberto's tax liability was at least "logically related" to the state court action. *See, e.g., Align Tech.*, 179 Cal. App. 4th at 960 ("Because of the liberal construction given to [CCP § 426.30] . . . , 'transaction' is construed broadly; it is 'not confined to a single, isolated act or occurrence . . . but may embrace a series of acts or occurrences logically interrelated.'" (quoting *Saunders*, 231 Cal. App. 2d at 336)); *Frog Creek Partners, LLC v. Vance Brown, Inc.*, 206 Cal. App. 4th 515, 538 (2012) ("In the breach of contract context, [CCP § 426.30] means any claims the defendant has against the plaintiff based on the same contract generally must be asserted in a cross-complaint, even if the claims are

12

unrelated to the specific breach or breaches that underlie the plaintiff's complaint.").

The state court complaint involved whether Roberto breached the Termination Agreement, but it necessarily involved the scope and existence of the partnership, which Roberto disavowed. The question of Rafael's liability for the taxes was dependent on the existence of the partnership, which was essential to Rafael's claim that Roberto breached the Termination Agreement. Consequently, if the brothers had joint liability for the taxes, that liability existed at the time of the state court action and arose from the same transaction or occurrence at issue in that action.

The bankruptcy court properly overruled Roberto's objection to Rafael's proof of claim because Roberto failed to establish joint liability for the taxes. And if he could establish joint liability, his claim for setoff would be barred by CCP § 426.30 because he did not file a cross-complaint in the state court action. Roberto has not demonstrated any error by the bankruptcy court.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order overruling Roberto's objection to Rafael's claim.