**UNITED STATES of America ex rel. Charles V. FARRELL, Plaintiff,**

v.

**SKF, USA, INC. d/b/a MRC Bearings, Defendant.**

No. 97–CV–7157.

United States District Court, W.D. New York.

Jan. 8, 1999.

Andrew ·P. Fleming, of counsel, Chiacchia & Fleming, LLP, Hamburg, NY, Rina C. Tucker, of counsel, United States Department of Justice, Civil Division, Washington, DC, for Plaintiff.

Joseph V. Sedita, of counsel, Buffalo, NY, for Defendant.

DECISION and ORDER

SIRAGUSA, District Judge.

This matter is before this Court on the defendant's application [# 76], for a review of the Decision of the Magistrate Judge [# 75], to whom the case had been referred, granting a protective order to the United States allowing it not to participate in party discovery. For the reasons to be stated, the application is denied.

**BACKGROUND**

This is a *qui tam* action where a private citizen is suing on behalf of the United States under the False Claims Act ("FCA"), 31 U.S.C. § 3729. Relator Charles V. Farrell, a former employee of defendant's, claims that defendant, a bearing manufacturer, violated the FCA by improperly claiming payment from the Department of Defense for aerospace bearings which did not meet contractual specifications relating to particulate contamination. The issue before this Court is whether the United States, having chosen not to pursue the action through its Department of Justice lawyers, nevertheless remains a litigating party subject to the discovery rules. The magistrate judge's decision was that the United States, despite being the real party in interest, is not a litigant party in this suit and is, therefore, not required to comply with discovery demands as a party. Jurisdiction is based on 31 U.S.C. § 3729, *et seq.*, and presents a federal question.

## DISCUSSION

Defendant claims to need certain documents from the United States in order to mount a defense and claims further that the process for obtaining them if the United States is not a party to this suit is overly burdensome. Relator opposes this motion and accepts the magistrate judge's order and is ready to continue with discovery. Relator further argues that defendant has contrived the "party" issue, *i.e.*, that the United States remains a party to this action, in a futile effort to circumvent the magistrate judge's protective order. However, both Relator and defendant agreed during oral argument that discovery with the United States as a non-party is laborious, slow and not fruitful.

During oral argument, defendant proposed that even though the United States Department of Justice has decided not to expend its resources on this suit and has chosen not to intervene under the False Claims Act, Relator Farrell is the *de facto* United States Attorney, and that, therefore, the United States is, for purposes of discovery, a party litigant to this action. Following oral argument, defendant cited the recent decision of the Second Circuit in *United States ex. rel. Stevens v. State of Vermont,* 162 F.3d 195, (2nd Cir.1998) as controlling authority for its position. In that case the Court stated that a *qui tam* action is, "in essence a suit by the United States and hence is not barred by the Eleventh Amendment," *Stevens,* 162 F.3d 195, 203. Compelling as that language might seem, the issue there was distinctly different. In *Stevens* the Court was asked to decide whether a private *qui tam* plaintiff could maintain an action against a state. The Second Circuit did not discuss whether the United States remained a party litigant to the suit. If this Court were to interpret the False Claims Act as Relator requests, it would effectively remove from the statute the government's ability to choose *not* to intervene. If the United States remains a party to every *qui tam* action, Congress's intent in creating the option provision would be thwarted since the government counsel would have to expend government resources to respond to discovery requests from hundred's of private suits [1].

Moreover, if, as plaintiff argues, Relator is the government's attorney, then decisions about discovery requests, document release and deposition of government employees, would be left to hundreds of private attorney generals who would have no obligation to see that the United States' overall interests were protected. This cannot be what Congress intended when it created the option for the United States to decline intervention. Furthermore, "statutes must be interpreted to give meaning to all of their terms," *see United States v. LaPorta,* 46 F.3d 152, 156 (2d Cir.1994) ("[A]ll parts of a statute, if possible, are to be given effect.") (internal quotations and citations omitted); *United States v. Bernier,* 954 F.2d 818, 819 (2d Cir.1992) (per curiam) (" '[C]ourts must give effect to every word of a statute where possible.'), *cert. denied,* 508 U.S. 941, 113 S.Ct. 2417, 124 L.Ed.2d 640 (1993)." *Perry v. Dowling,* 95 F.3d 231, 238 (2nd Cir.1996). Thus, this Court must decline to adopt defendant's interpretation of the statute.

Additionally, decisions concerning the constitutionality of the False Claims Act support this Court's finding that *qui tam* plaintiffs do not act as the government's attorneys. Numerous courts have addressed the issue of whether *qui tam* plaintiffs are officers of the United States within the meaning of the Appointments Clause of the U.S. Constitution and have held beyond question that they are not. U.S. Const., art. 2, § 2, cl. 2; *U.S. ex rel. Taxpayers Against Fraud v. General Elec. Co.,* 41 F.3d 1032 (6th Cir.1994); *U.S. ex rel. Madden v. General Dynamics Corp.,* 4 F.3d 827 (9th Cir.1993); *U.S. ex rel. Robinson v. Northrop Corp.,* 824 F.Supp. 830 (N.D.Ill.1993); *U.S. ex rel. Burch v. Piqua Engineering, Inc.,* 803 F.Supp. 115 (S.D.Ohio 1992); *U.S. ex rel. Truong v. Northrop Corp.,* 728 F.Supp. 615 (C.D.Cal.1989). Defendant's argument that Relator is the government's attorney directly contradicts this line of cases.

1. *See* H.Rep. No. 101–1015, at 382 (since the 1986 amendments to the 1863 False Claims Act, the number of private *qui tam* actions increased from an annual filing of six prior to the amendments to an annual filing of 227 following the amendments).

This Court finds that, though the discovery process is prolonged and unreasonably cumbersome, the law is, nevertheless, that the United States is no longer a party litigant to this suit. Thus, for the reasons stated in Magistrate Judge Leslie G. Foschio's decision and order, [75], this Court denies defendants' application under 28 U.S.C. § 636(b)(1)(A) to reconsider the magistrate judge's decision and order. Magistrate Judge Foschio's decision is neither clearly erroneous nor contrary to law and it is hereby

ORDERED that the magistrate judge's decision and order [75] of May 18, 1998, is affirmed.

IT IS SO ORDERED.