UNITED STATES of America ex rel. Roger L. SANDERS, et al., Plaintiffs,

v.

ALLISON ENGINE COMPANY, et al., Defendants.

No. 1:95–CV–970.

United States District Court, S.D. Ohio, Western Division.

Jan. 30, 2005.

James Burdette Helmer, Jr., Paul Bryan Martins, Robert M. Rice, Helmer Martins and Morgan, Gerald F. Kaminiski, Ass't U.S. Attorney, Cincinnati, OH, Don McKenna, Scott A. Powell, Hare, Wynn, Newell & Newton, LLP, Birmingham, AL, Dennis C. Egan, Russell B. Kinner, Joyce R. Branda, Michael F. Hertz, Paul J. Wogaman, Rebecca Rohr, Washington, DC, for Plaintiffs.

Glenn Virgil Whitaker, Victor A. Walton, Jr., Vorys Sater Seymour & Pease, Stephen Joseph Butler, Thompson Hine LLP, Daniel John Donnellon, Douglas Lee Hensley, Matthew K. Buck, William Alan Posey, Keating Muething & Klekamp, Lawrence Robert Elleman, Dinsmore & Shohl, P.L.L., Thomas Jason Murphy, David Paul Kamp, White Getgey & Meyer Co. LPA, William Howard Hawkins, II, Cincinnati, OH, James A. Bensfield, Kara N. Schmidt, Peter B. Hutt, III, Miller & Chevalier, Chartered, Jerome Charles Randolph, Washington, DC, James J. Gallagher, McKenna & Cuneo, Susan A. Mitchell, McKenna Long & Aldridge LLP, Thomas M. Abbott, McKenna & Cuneo, Los Angeles, CA, for Defendants.

## ENTRY AND ORDER REGARDING THE GOVERNMENT'S PARTICIPATION IN THE TRIAL OF THIS MATTER

ROSE, District Judge.

Before the Court is the United States' (the "Government's") interest in having counsel present at trial, the process for the Government attorneys attending trial and the Government's participation during the trial. (Doc. # 596.) These issues were

raised by the Government in a final pretrial conference. They have now been fully briefed by the Government, the Relators and the Defendants and are now ripe for decision.

### Government's Participation In Trial

The Government's view of its participation at trial is that its participation is limited to the preservation of any privileges which may be associated with Government employees that may be testifying at trial. The Government has further indicated that it does not intend to make opening or closing remarks, present evidence, question or cross-examine witnesses or argue the merits of this case.

█ The Defendants argue that none of the privileges identified by the Government apply in this case and that the Government has thus far not asserted an objection based upon privilege. However the Defendants do not argue that the Government should not be permitted to protect those privileges. The Relators also agree that the Government may be present to preserve any privileges belonging to Government employees that may testify. Therefore, Government attorneys may be present to preserve any privileges that may belong to Government employees that may testify as witnesses.

Having determined that Government attorneys will be present in the Courtroom, the issue becomes **where** the Government attorneys may sit in the courtroom. The Government and the Relators argue that the Government attorneys should sit at the Relators' table. The Defendants, on the other hand, argue that the Government's role in this case is limited by the False Claims Act ("FCA") and the Government attorneys should not be permitted to sit at the Relators' table.

█ In cases such as this where the Government declines to intervene, the FCA "effectively assigns the Government's claim to qui tam plaintiffs... who then may sue based upon an injury to the federal treasury." *United States ex rel. Lamers v. City of Green Bay, Wisconsin,* 924 F.Supp. 96, 98 (E.D.Wis.1996) (quoting *United States ex rel. Kelly v. Boeing Co.,* 9 F.3d 743, 748 (9th Cir.1993), *cert. denied,* 510 U.S. 1140, 114 S.Ct. 1125, 127 L.Ed.2d 433 (1994)). Yet, the qui tam plaintiff, or relator, is not vested with governmental power. *United States ex rel. Taxpayers Against Fraud v. General Electric Company,* 41 F.3d 1032, 1041 (6th Cir.1994). Therefore, "the fact that relators sue in the name of the government is significant only with respect to their standing to sue..." *United States ex rel. Kelly v. The Boeing Company,* 9 F.3d 743, 760 (9th Cir.1993), cert. denied, 510 U.S. 1140, 114 S.Ct. 1125, 127 L.Ed.2d 433 (1994). And, while the Government remains the real party in interest when it chooses not to intervene, it does not become the relator's client, *United States Department of Defense v. CACI International, Inc.,* 953 F.Supp. 74, 77 (S.D.N.Y.1995), nor is the Government an actual party to the action. *United States ex rel. Farrell v. SKF USA, Inc.,* 1998 WL 265242 at *3 (W.D.N.Y. May 18, 1998), *aff'd,* 32 F.Supp.2d 617 (W.D.N.Y.1999); *See also, Searcy v. Philips Electronics North America Corporation,* 117 F.3d 154, 156 (5th Cir.1997); *Lamers,* 924 F.Supp. 96, 98.

█ Where the Government declines to intervene, the relator is empowered as a private prosecutor. *Id.* However, the relator's position is "without tenure, duration, continuing emolument or continuous duties" with regard to being an agent or employee of the Government. *Taxpayers Against Fraud,* 41 F.3d at 1041.

Even though the Government has declined to intervene in this case, the FCA gives it certain continuing control over the matter. For example, the Government

may require the relator to "inform it of developments and to forward copies of the claims, the material evidence and information and copies of depositions taken." *Id.* In addition, the Government may still intervene later upon a showing of good cause and may even move to have the relator's litigation role significantly restricted. *Id.* Further, the Government may conduct settlement talks and decide that the case should be dismissed even over the relator's objections. *Id.* Finally, communications between the Defendants and the Government in FCA actions are common. *CACI International,* 953 F.Supp. at 78.

Yet, because it is not a party to the action, the Government is not bound by the Federal Rules of Civil Procedure as they relate to discovery. *Farrell,* 1998 WL 265242 at *3. For example, at the outset of this case, the Government made it clear that it was a third party for discovery purposes. (See Defendants' Brief Concerning U.S. Response, Exhibit A, Letter from Dennis C. Egan, February 8, 2000.)

Relators argue that the FCA specifically provides for dual representation of the United States' interest in qui tam cases. However, all of the cases cited by Relators in support of this argument are cases in which the Government elected to intervene. In this case, the Government has elected not to intervene.

Relators also argue that the Government is entitled to sit "within the bar of the Court" based upon a decision rendered nearly 100 years ago. *Cincinnati, Hamilton & Dayton Ry. v. Tafelski,* 1910 WL 620 at *4 (Ohio Cir., Jan. 22, 1910), *aff'd,* 83 Ohio St. 477, 94 N.E. 1103 (1910). In *Tafelski,* the Appeals Court determined that it was within the discretion of the trial court to determine who would sit "within the bar of the Court" and that a decision by the trial court that children of a decedent who are beneficiaries of a trust represented by a party are entitled to "sit within the bar of the Court" does not abuse that discretion. At best, this case stands for the proposition that, in an FCA action, it is within the Court's discretion to determine who may sit "within the bar of the Court."

Relators finally argue that the Government is entitled to be present in the courtroom based upon a Sixth Circuit decision captioned *Helminski v. Ayerst Laboratories,* 766 F.2d 208 (6th Cir.1985), *cert. denied,* 474 U.S. 981, 106 S.Ct. 386, 88 L.Ed.2d 339 (1985). In *Helminski,* the court determined that an injured plaintiff was improperly excluded from the courtroom. *Id.* at 216–17.

However, the facts faced by the *Helminski* Court are significantly different from the facts in this case. First, *Helminski* was a products liability action and this is an FCA action. Next, the party in *Helminski* was excluded because of his physical condition alone and physical condition is not an issue here. Next, in *Helminski,* plaintiff's counsel represented the excluded party and here relator's counsel does not represent the Government. Next, the Court in *Helminski* was addressing presence in the courtroom and not seating at the relator's table. Finally, the *Helminski* court considered the excluded party to be the plaintiff. Here, the Government is not the plaintiff or the relator. Therefore, the findings from *Helminski* are not applicable in this situation.

### Conclusion

Clearly, the Government is entitled to be present in the courtroom and to preserve any privileges that may be associated with Government employees testifying in the trial. The issue here is **where** in the courtroom and the FCA and associated caselaw has not spoken directly to this issue.

Clearly, the Government is not the Relator's client. Also, while the Government is the real party in interest, it is not an actual party to the action at this time. Further, having the Government present at the Relator's table would be a false indication that it elected to intervene and was a party.

The Government has, thus far, not acted as a party nor been treated as a party. The Government has not, throughout these proceedings, been bound to the Federal Rules of Civil Procedure as a party. In addition, the Government says it does not intend to make opening or closing remarks, present evidence, question or cross-examine witnesses or argue the merits of this case.

The Government had a choice to intervene, become a party and sit at the Relators' table and it elected not to. Had the Government intervened, it would be present at the Relators' table.

■ For all of the foregoing reasons, the Government may not sit at the Relators' table. The Government elected not to intervene and, as a result, its position should be heard from the witness stand and not from a seat at the Relators' table.

Having determined that the Government has every right to be present in the courtroom but is not entitled to sit at the Relator's table, the Government's desire to rotate counsel is for the Government to decide and not for the Court. Attorneys for the Government may decide if and when they wish to be present in the courtroom.